OPINION OF THE COURT
Ascher Katz, J.
A drinker who drives, no matter how skillfully, may be *654 found guilty of driving while ability to do so is impaired by the consumption of alcohol.
Patrolman John Park of the Greenburgh Police Department saw defendant approach a stop sign on a local street. She was doing about 15 miles an hour. She did not come to a full stop. At the time of observation, the patrolman did not think that the defendant was intoxicated. He pulled her over about a quarter of a mile beyond the stop sign and he saw her brakelights were working. Her eyes were glassy and red. Her speech was slurred. She was unsteady on her feet. A strong odor of alcohol emanated from her breath. It was then that he determined she was intoxicated. After being notified of the charges,* she became cocky, insulting and abusive.
Defendant was employed as a bank customer representative. After work on the day in question, she consumed no more than four Seagrams and Seven Ups between the hours of 10:30 p.m. and 12:30 a.m. with a girlfriend. She herself stated that she was not impaired in her driving. She did feel a little tired and wanted to go home. She admitted that as she drove at about 15 miles an hour, knowing the road quite well, she did make a rolling stop and was pulled over immediately. She did not believe that she was swaying, or that her speech was slurred, and she stated that when she does become upset she does swear. In her opinion, a sign of intoxication was being dizzy and sick. While she did not normally roll through stop signs, at the late hour in question, she saw no danger.
It is the defendant’s position that the statutory presumption of impairment set forth in Vehicle and Traffic Law § 1195 (2) does not apply, because the reading on the breathalyzer as stipulated by the parties was .10%. A reading of more than .07% but less than .10% shall be given prima facie effect in determining whether the driver’s ability is impaired by the consumption of alcohol. The defendant argues that no prima facie effect shall be given because the reading of .10% is outside the precise limit of the statute. It is arguable that the prima facie effect fails to arise because the reading of .10% is *655 higher than the range stipulated. But the court may draw an inference that the defendant was under the influence of alcohol because the reading of .10% is relevant evidence of intoxication.
In any event the defendant claims that because the operation of the vehicle during the period of observation by the police officer was not impaired in any way, this is conclusive as to the People and she cannot therefore be found guilty of the violation of driving while ability was impaired by the consumption of alcohol.
The defendant’s arguments are compelling and persuasive, but do not resolve the issues before the court.
In People v Herzog (75 Misc 2d 630), the police officer observed the defendant’s condition only after the occurrence. The court there held that the evaluation of the police officer of the defendant’s condition was sufficient to find the defendant guilty of driving while ability is impaired. The defendant in the case at bar would argue that People v Herzog (supra) does not apply because the patrolman did observe the operation of this defendant’s car, and in his opinion her driving manifestly was unimpaired by any consumption of alcohol.
The police officer need not await the actual result of a driver’s impairment by allowing the driver to test his driving ability on a high-speed 55 mile per hour highway. Words and phrases used in the statute should be given their ordinary meaning and effect (People v Cruz, 48 NY2d 419, 428; see also, People v Ottomanelli, 107 AD2d 212), and a person who has slurred speech, glassy eyes, and exhibits a short temper, which is inconsistent with normally controlled conduct, is impaired by the consumption of alcohol. The users of highways are entitled to other users who are in control of a ton or more of metal and rubber and who are not impaired to any extent in the operation of a motor vehicle. (See, People v Cruz, 48 NY2d 419, 426, 427, supra.) The logical consequences of defendant’s condition and conduct should be considered in their total effect and in the light of the protective purpose of the drinking-driving legislation. A person who drinks and drives does so at his own risk. If a driver is charged with a traffic violation subsequent to drinking and the objective operation of the car is consistent both with driving while intoxicated and with driving while not intoxicated, the trier of fact may nonetheless conclude, under appropriate circumstances, that the person’s driving was impaired by the consumption of alcohol.
*656 Motion to dismiss for failure to make out a prima facie case is denied. Defendant is found guilty of driving while ability to drive was impaired by the consumption of alcohol in violation of Vehicle and Traffic Law § 1192 (1) and for passing a stop sign in violation of Vehicle and Traffic Law § 1172 (a).
Sentencing is fixed for July 29, 1986 at 9:30 a.m.

 Defendant was issued simplified traffic informations charging her with violating Vehicle and Traffic Law § 1192 (3), driving while intoxicated (misdemeanor), Vehicle and Traffic Law § 1192 (2), driving with more than .10% alcohol in her blood (misdemeanor), and Vehicle and Traffic Law § 1172 (a), passing a stop sign (infraction). The breathalyzer reading was .10. The District Attorney subsequently reduced the misdemeanor driving charges to the traffic infraction of driving while ability was impaired in violation of Vehicle and Traffic Law § 1192 (1).