OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant had just arrived on a bus from New York City when two undercover police officers, acting on a reliable informant’s tip that defendant was trafficking in narcotics, followed him into the public restroom of the bus station and asked him if he had brought back any drugs. On the record here, we cannot say that the trial court was not free to find that no coercion was exerted in such circumstances and that the officers’ brief limited inquiry was based on a founded suspicion of criminal activity (see People v Skinner, 48 NY2d 889; People v De Bour, 40 NY2d 210, 220; cf. Dunaway v New York, 442 US 200). These findings, having been affirmed by the Appellate Division, are now beyond our review.
Nor is there any basis for overturning the affirmed finding that he voluntarily consented to the officers’ search of his person when, after the defendant offered a negative response to the officer’s inquiry, he continued with "you can check if you want”. This unsolicited invitation to conduct a search was promptly accepted by one of the officers, who first felt inside his jacket and pants pockets and then asked the defendant if he would undo his belt and trousers. Without registering any protest, defendant complied with this request, and, as he opened his pants, the officer noticed a gold-colored pin. When the officer asked what it was the defendant responded, "nothing” and attempted to conceal it by rolling up his underwear. While the defendant’s suddenly evasive conduct in these cir *1040 cumstances could be found to be enough to justify the officer’s further investigation, on these facts it suffices to say that it was not error for the courts below to have concluded as a fact that defendant’s actions did not effect a repudiation of his prior freely given consent (see United States v Seely, 570 F2d 322, 323; compare United States v Dichiarinte, 445 F2d 126, 129-131; United States v Bily, 406 F Supp 726, 728-729). The motion to suppress the packet of cocaine secured by the revealed pin was therefore properly denied.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.