OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, *665 but on the ground that defendant had no standing to raise the equal protection argument he advances (People v Parker, 41 NY2d 21, 24-25).
Defendant’s equal protection contention is based upon the definition of predicate felony conviction in subdivision 1 (par [b], cl [i]) of section 70.06 of the Penal Law, which is: “The conviction must have been in this state of a felony, or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized and is authorized in this state irrespective of whether such sentence was imposed” (emphasis supplied). The italicized words, upon which defendant’s argument is predicated, were added to the clause by chapter 784 of the Laws of 1975. Read without those words, as prior to that amendment it must have been, it is clear that the words “was authorized” relate to the other jurisdiction offense. The added words, it is argued, relate to time of sentence, rather than time of commission of offense and there is, therefore, unequal protection because the prior New York conviction is not required, as would be a foreign conviction, to be based upon an offense which is a felony in New York at the time of sentence (cf. People v Shapiro, 100 Misc 2d 662, 664).
The answer is that the Marihuana Reform Act of 1977, which reduced the offense of which defendant was previously convicted from felony to misdemeanor classification, expressly provided that its provisions “shall be applicable to acts committed on or after” its effective date (July 29, 1977 [1977, ch 360, § 12]). As to the prior offense which defendant committed, a sentence to a term of imprisonment in excess of one year is, therefore, still authorized in this State with respect to anyone convicted of committing the forbidden act prior to July 29, 1977, though he or she may be thereafter convicted. There are, in fact, two authorized but differing sentences depending on the date of commission of the offense. Thus, it is not true as defendant argues that a foreign conviction cannot be used as a predicate felony because not presently a felony in New York; if the act in the foreign State was committed prior to July 29,1977 it is still punishable under New York law as a felony. All persons in defendant’s class (pre-July 29, 1977 commission) *666 are, therefore, treated equally. Whether a post-July 29, 1977 offender is treated unequally is an argument defendant does not have standing to make.
As to the sentencing issue, defendant asked the Sentencing Judge to impose a lesser sentence than had been bargained for, but never argued that the Judge was not bound by the bargain and, therefore, has not preserved the question for our review (People v Chambers, 52 NY2d 923; People v Martin, 52 NY2d 925; and see People v Farrar, 52 NY2d 302).
Chief Judge Cooke (concurring). Although the order of the Appellate Division should be affirmed, as the majority concludes, the affirmance should be based upon the merits rather than upon defendant’s asserted lack of standing. In concluding that defendant has no standing, the majority adopts a reading of the Penal Law’s second felony offender provisions , that is inconsistent with the statutory language and undercuts the Legislature’s efforts to remove unduly harsh anomalies from the sentencing scheme. I therefore concur separately.
Defendant raises a challenge, on equal protection grounds, to his sentence as a second felony offender under section 70.06 of the Penal Law. In June, 1972, he pleaded guilty to fourth degree attempted criminal possession of a dangerous drug, marihuana, and received five years probation. At that time, the offense was an E felony (former Penal Law, § 220.06). On May 19, 1977 he pleaded guilty to fifth degree criminal sale of a controlled substance, cocaine. He was sentenced as a second felony offender. Defendant’s equal protection argument centers on the impact of a 1975 amendment (L 1975, ch 784) to the definition of a “second felony offender” in section 70.06 (subd 1, par [b], cl [i]) of the Penal Law. The statute provides that for a prior conviction to constitute a predicate felony, the conviction “must have been in this state of a felony, or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized and is authorized in this state irrespective of whether such sentence was imposed.” The words “and is authorized in this state” were added by the 1975 amendment.
*667 In essence, defendant argues that the statute violates equal protection because any prior New York felony conviction can serve as a predicate felony, while an out-of-State conviction can be used only if a sentence of at least one year was authorized at the time and is currently authorized in New York. Thus, he asserts, when this State reclassifies a crime from a felony to a misdemeanor, a prior out-of-State conviction for the offense can no longer serve as a predicate felony. A prior New York felony conviction can still serve as a predicate felony, however, even though the offense would no longer be a felony in New York. Effective July 29, 1977, the Legislature reclassified the crime of which defendant was convicted, reducing it for future offenses from a felony to a misdemeanor (Marihuana Reform Act of 1977, L 1977, ch 360).
The majority rejects defendant’s argument by holding that defendant is not, in fact, treated differently from those persons who were convicted in other jurisdictions at the same time of the same offense. To reach this conclusion, however, the majority carves a hole in the 1975 amendment to section 70.06. Such an exception is inconsistent with the language of the amendment and the rationale behind it.
As the majority notes, the Marihuana Reform Act reduced penalties for marihuana-related offenses prospectively only. Thus, an act such as defendant’s, occurring in New York before the effective date of July 29, 1977, would still be subject to felony treatment. The majority errs, however, in extending this rationale to encompass similar acts occurring outside the State before July 29,1977. It reasons that since defendant’s offense, because of the date on which it occurred, is still a felony in New York, a similar offense occurring out-of-State on the same date should also be considered a felony for purposes of New York’s second felony offender provisions. This interpretation, however, effectively nullifies the 1975 amendment to section 70.06 with respect to such cases.
The current second felony offender statute (Penal Law, § 70.06), as originally enacted by the Legislature in 1973, defined a predicate felony as any New York felony conviction or any conviction in another jurisdiction that carried *668 a potential penalty of at least a year in prison or death. This court found no constitutional infirmity in the Legislature’s determination that in defining a predicate felony “the seriousness of a crime should be determined by the severity of the sentence and the norms prevailing in the jurisdiction in which a crime was committed” (People v Parker, 41 NY2d 21, 26). Nonetheless, there was criticism of the statute as unduly harsh in those instances where another State’s felony laws were substantially more severe than those of New York (see, e.g., People v Mazzie, 78 Misc 2d 1014,1017-1018). In 1975, the Legislature amended the definition to ameliorate this “purely arbitrary” harshness (memorandum by Assemblyman Arthur O. Eve, NY Legis Ann, 1975, p 64) and to take what has been characterized as a “fairer and more logical approach” (Hechtman, 1975 Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 70.06).
In effect, the 1975 amendment added a second requirement to the statute’s test for identifying those convictions from other jurisdictions that constitute predicate felonies for purposes of this State’s second felony offender provisions. To the existing requirement that the offense be one for which the other jurisdiction has provided penalties that in New York are reserved for felonies, the amendment added the requirement that the other jurisdiction’s assessment of the seriousness of the offense be in accord with that of New York. Since the goal of this amendment was to provide greater fairness in assessing whether a prior offense should be used as a basis for increasing the sentence for a second felony, logic dictates that the sentencing court should look to New York law at the time of sentencing on the second offense. The amendment itself directs the sentencing court to examine whether felony punishment “is authorized in this state”, not whether it was authorized at the time of the earlier conviction.
It is true that a marihuana-related offense such as defendant’s first conviction, if committed in New York prior to July 29, 1977, may still be punished as a felony under the Marihuana Reform Act. This is not relevant, however, in determining whether an out-of-State prior conviction *669 for such an offense before July 29, 1977 should be considered a predicate felony. The second felony offender provisions of the Penal Law are not designed to retroactively increase the punishment for past offenses. As this court has stated, the purpose of heightened penalties for second felony offenders “is to combat recidivism by increased punishment, not for the previous out-of-State offense but, rather for the commission of the subsequent offense” (People v Parker, 41 NY2d 21, 26, supra). Because the focus is on the sentencing for the second offense, it is most consistent with the statute to look to the time of that sentencing rather than the date of commission of the prior out-of-State offense in determining whether the earlier conviction would constitute a felony under New York law.
Since section 70.06 provides that any prior New York felony conviction can serve as a predicate felony, even if the offense would not be a felony if committed in the State today, defendant is therefore treated differently from a person with an out-of-State prior conviction. Thus, defendant does have standing to assert his equal protection challenge.
The statute’s distinction between those in defendant’s position and persons with out-of-State convictions for similar offenses, however, is constitutionally permissible. Equal protection does not require absolute equality of treatment. Rather, absent a suspect classification or fundamental interest, all that is required is that the distinction bear a rational relationship to some legitimate State purpose (People v Drayton, 39 NY2d 580; McGinnis v Royster, 410 US 263). The distinction drawn by section 70.06 is certainly related to a legitimate purpose of this State. New York has a strong interest in enforcing its own laws and punishing violations of its criminal statutes. At the time that he committed his prior offense, defendant chose to violate a law of this State through conduct that the Legislature had deemed harmful enough to be punished by felony penalties. It is not unreasonable for the Legislature to provide that a person who violated this State’s felony laws once should suffer heightened punishment if he commits a second felony in New York since such a person has demonstrated a repeated disregard for the State’s most serious criminal prohibitions and has shown a failure to benefit from whatever *670 rehabilitative efforts were offered by the State after the first offense.
The Legislature has determined, although it was not constitutionally required to do so, that out-of-State convictions’ that would not now be felonies in New York should not be used as the basis for increased punishment after conviction .of a New York felony. It is certainly free to do the same for persons convicted of offenses in New York that were felonies at the time but have since been reduced to lesser crimes. But the Legislature is not required to do so by either the State or Federal Constitution.
The order of the Appellate Division should therefore be affirmed.
Judges Jasen, Jones, Wachtler and Meyer concur; Chief Judge Cooke concurs in a concurring opinion in which Judges Gabrielli and Fuchsberg concur.
Order affirmed in a memorandum.