OPINION OF THE COURT
Irving A. Green, J.
This was a proceeding commenced as an article 78 proceeding and which has been deemed by order of the Honorable Gerard E. Delaney, dated January 30,1981, to be an action for declaratory judgment. Plaintiff seeks a declaration by the court that subdivision 2 of section 851 of the Correction Law is unconstitutional.
The branch of plaintiff’s application to proceed as a poor person is granted.
Plaintiff is serving a 15-year sentence for manslaughter in the first degree which was imposed in 1970. In September of 1981 plaintiff would have become eligible for participation in the temporary release program but subdivision 2 of section 851 of the Correction Law denies temporary release eligibility to any person convicted of any escape or absconding offense as defined in article 205 of the Penal Law.
*94 It is not disputed that in 1946 and 1949 plaintiff was twice convicted of escape in the State of Georgia, which convictions, defendants contend, prohibit plaintiff’s eligibility for temporary release under the statute. (Correction Law, § 851, subd 2.) Plaintiff contends that subdivision 2 of section 851 of the Correction Law arbitrarily deprives him of due process by requiring that his more than 30-year-old escape convictions automatically prevent his participation in the temporary release programs.
An inmate record card maintained upon plaintiff by the Ossining Correctional Facility, and which has been furnished to the court by the office of the Attorney-General, discloses that the petitioner was born in 1932. Thus, at the time of his two convictions for escapé, in 1946 and 1949, in the State of Georgia, plaintiff would have been approximately 14 and 17 years of age. Whát the age of plaintiff was at the time of the actual commission of the acts of escape is not indicated.
At the time of his first escape, if it had occurred in New York State, plaintiff would have been entitled to receive a noncriminal status of “juvenile delinquent”. (Family Ct Act, § 712, derived from Children’s Ct Act, §2, subd 2, added by L 1922, ch 547.) Such would have been likewise the case if the second escape was committed while plaintiff was under 16. (Family Ct Act, § 714, subd [a], derived from Children’s Ct Act, §6, subd 1, added as §5, subd 1, by L 1922, ch 547.)
Under current New York law, an offender of the age of plaintiff at the time of his second escape and conviction, if it is assumed plaintiff was then 17 years of age, would have been eligible for treatment as a youthful offender. (CPL 720.10, 720.35.)
The New York courts, in appropriate circumstances, have declined to apply in New York as determinative of questions involving personal liberty, the incidents of convictions of crime in other jurisdictions whose laws and policies may not be as enlightened as those of New York. (People v Mazzie, 78 Misc 2d 1014; People v Pacheco, 53 NY2d 663.)
*95 The case before the court presents such a situation. The acts committed by plaintiff were as a child or youth some 35 and 32 years ago. These acts are asserted as creating an impenetrable barrier to the consideration of his admission into a temporary release program. No proof as to Georgia’s criminal laws and procedures has been offered. However, it is apparent that the conviction of the crime of escape of plaintiff in Georgia, as a 14 year old, or a 17 year old, would not have been either permissible or mandatory in New York at the time of such occurrences.
The record submitted does not sufficiently disclose the crimes of which the plaintiff was convicted and which served as a basis for his imprisonment and subsequent escapes. Nor does the record submitted herein disclose the age of plaintiff at the time of the commission of the acts upon which his criminal convictions are based although, assuredly, he was not more than 14 years or 17 years of age at such times.
This court finds that plaintiff’s age at the times the acts were committed by the plaintiff for which he was imprisoned as well as his age at the time of his escapes occurring in Georgia, all present the serious probability that no conviction for escape would have resulted in New York had the acts been committed in New York. The prohibition contained in subdivision 2 of section 851 of the Correction Law against a person convicted of escape or absconding is to be considered and construed in this particular case with that in mind. The court determines plaintiff is eligible for consideration for entry into the temporary release program as administered in the State of New York.
This court finds it unnecessary to pass on the constitutional questions concerning the Correction Law as raised by plaintiff. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150; Willis v Willis, 42 Misc 2d 473.)
Accordingly, this court declares plaintiff’s rights to be that he is entitled to the vacatur of defendants’ determination that plaintiff is ineligibile to be considered for admission into a temporary release program, solely by reason of the bar of subdivision 2 of section 851 of the Correction Law on the ground of plaintiff’s convictions of escape in the *96 State of Georgia. The matter is remanded to defendants to entertain plaintiff’s application for entry into the temporary release program in accordance with law.