■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY LEWIS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Murray, J.), rendered December 15, 1982, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (DeLury, J.), of a motion to suppress certain evidence.

Judgment affirmed.

A review of the record establishes that Criminal Term properly denied defendant's motion to suppress evidence. The police's entry into the apartment where defendant's arrest took place violated no reasonable expectation of privacy of defendant and, therefore, he lacks standing to contest the absence of a search warrant. In any event, the entry was justified by the report of a

violent fight involving a gun, which clearly constituted exigent circumstances (see, People v Hodge, 44 NY2d 553; People v Mitchell, 39 NY2d 173, cert denied 426 US 953; People v Lenart, 91 AD2d 132). After the lawful entry, the statements made by the brother of defendant's girlfriend that defendant had a gun in his pocket provided reasonable suspicion for the pat down of defendant which confirmed this allegation and established probable cause for his arrest (see, People v Klass, 55 NY2d 821; People v Crespo, 70 AD2d 661). The police were not obligated, under such circumstances, to obtain an arrest warrant prior to taking defendant into custody (cf. Steagald v United States, 451 US 204; Payton v New York, 445 US 573).

Defendant's remaining contention concerning the constitutionality of Penal Law § 70.04 has not been preserved for review and, in any event, is meritless (e.g., People v Cates, 104 AD2d 895). Titone, J. P., Thompson, O'Connor and Eiber, JJ., concur.