■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANK HORVATH, Respondent. — Appeal by the People from an order of the County Court, Westchester County (Marasco, J.), dated December 30, 1983, which granted defendant's motion, after a hearing, to suppress certain physical evidence and statements.

Order reversed, on the law and the facts, motion denied, and matter remitted to the County Court, Westchester County, for further proceedings on the indictment.

At a suppression hearing, Detective Joseph Rossi testified that on July 23, 1982, at 5:00 P.M., he received an anonymous telephone call reporting that the man who lived in apartment 2F at a certain address in New Rochelle had offered to sell guns to the caller's son. Rossi asked the caller to identify himself, but he refused. Shortly, thereafter, at 6:35 P.M., Rossi heard a radio transmission of a family dispute on the second floor at the same

address. Aware of the earlier report concerning guns at that location and concerned for his brother officers, Rossi responded, along with four other policemen, to the report of a family dispute.

The officers heard loud voices emanating from apartment 2F and Rossi knocked on the door. The defendant, who answered the door, recognized Rossi and invited the officers inside. After ascertaining that there was no disturbance, Rossi, cognizant of the earlier telephone call, asked the defendant if he had any guns in the apartment. Defendant took from a bedroom closet three rifles and showed them to the officers. Rossi then asked defendant if he had any handguns. After first answering "[n]o", defendant admitted that he did have a gun and then of his own volition, retrieved from the same closet a .357 magnum. After defendant conceded that he had no permit for the gun, he was placed under arrest and his constitutional rights were related to him. Rossi then asked the defendant if there were any more guns. Defendant replied in the negative and said "If you don't believe me look for yourself". Rossi read a consent to search form to the defendant, who signed it. Rossi then searched the closet from which defendant had taken the gun and rifles and found a fully loaded .22 caliber pistol.

We conclude that the physical evidence and the statements made by the defendant were improperly suppressed because the original inquiry made by the police was lawful. The anonymous telephone call received by Rossi provided him with an articulable reason to make the inquiry (*see, People v De Bour,* 40 NY2d 210; *People v Stewart,* 41 NY2d 65). After Rossi inquired about the presence of guns, defendant voluntarily offered him the .357 magnum. Accordingly, this evidence was improperly suppressed (*People v Carrasquillo,* 54 NY2d 248). Upon defendant's failure to produce a permit for the gun, probable cause existed for his arrest. Thereafter, the defendant consented to the officer's search of the closet which revealed the .22 caliber pistol (*see, People v Meredith,* 49 NY2d 1038; *People v Saglimbeni,* 95 AD2d 141, *appeal dismissed* 62 NY2d 798). Since the initial inquiry was lawful and the police conduct subsequent to the initial inquiry was lawful, the fruits of the encounter were improperly suppressed. Titone, J. P., O'Connor, Lawrence and Eiber, JJ., concur.