■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK REICHBACH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Nicolai, J.), rendered June 10, 1983, convicting him of criminal possession of stolen property in the second degree (two counts), and violations of Local Laws, 1981, No. 4 of the County of Westchester § 863.226 (A); § 863.227 (A), (C), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and the defendant's statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The issuance of a warrant to search the defendant's business premises was proper. The police informant, who sold the stolen property in question to the defendant, was clearly reliable and had a sound basis for his knowledge (see, People v Johnson, 66 NY2d 398, 402; People v Griminger, 127 AD2d 74). Moreover, contrary to the defendant's contention, the record reveals that the information he gave to the police was specific

as to the location of the defendant's business premises, and provided probable cause to search it.

While executing the search warrant the police seized the defendant's ledger book, an item not specifically designated in the search warrant. However, the record makes clear that the defendant voluntarily consented to allow the police to look at the ledger book, and that the ledger book contained evidence of criminality (see, People v Horvath, 108 AD2d 926, 927). Therefore, the seizure of the ledger book was not improper.

The defendant's objection to the failure to suppress his statements is based upon a challenge to the credibility of the People's witness Detective Hughes. It is well settled that the determination of the hearing court, which had the advantage of having seen and heard the testimony, must be accorded great weight, and should not be lightly disturbed on appeal where its assessment of the credibility of the witnesses was not "clearly erroneous" (see, People v Lambert, 125 AD2d 495, 497; People v Smith, 118 AD2d 605, 606). Based on this record, it cannot be said that the hearing court improperly credited Detective Hughes' testimony.

Further, there was sufficient evidence to support the defendant's conviction of criminal possession of stolen property. There is a statutory rebuttable presumption that a "collateral loan broker or a person in the business of buying, selling or otherwise dealing in property who possesses stolen property * * * know[s] that such property was stolen if he obtained it without having ascertained by reasonable inquiry that the person from whom he obtained it had a legal right to possess it" (Penal Law § 165.55 [2]). In this case, there was evidence that the defendant was a collateral loan broker and was in the business of buying and selling jewelry and that he failed to take any steps to reasonably ascertain that the person from whom he obtained the stolen jewelry in question had legal title to it. Accordingly, the statutory presumption that the defendant had knowledge of the stolen character of the goods in question was raised, and it was not rebutted (see, People v Bauer, 113 AD2d 543, 544, lv denied 67 NY2d 648, 880).

The defendant's claims of prosecutorial misconduct are almost entirely unpreserved for appellate review (see, People v Dordal, 55 NY2d 954, 956, rearg dismissed 61 NY2d 759; People v George, 108 AD2d 870). In any event, the prosecutor's remarks were either fair comment on the evidence or a fair response to the defense summation (see, People v Seldon, 128 AD2d 742; People v Dash, 126 AD2d 737). Moreover, the

defendant was not substantially prejudiced by any of the prosecutor's statements *(see, People v Galloway,* 54 NY2d 396, 401; *People v Roopchand,* 107 AD2d 35, 36, *affd* 65 NY2d 837).

Finally, the defendant was properly adjudicated a second felony offender based upon his 1975 conviction for criminal possession of a controlled substance in the sixth degree *(see, People v Pacheco,* 73 AD2d 370, *affd* 53 NY2d 663). Bracken, J. P., Eiber, Spatt and Rubin, JJ., concur.