■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

NOEL VASQUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered July 6, 1983, convicting him of murder in the second degree (four counts) and criminal possession of a weapon in the second degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was for the suppression of physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred in denying him a *Mapp* hearing is without merit. The defendant repeatedly conceded at Criminal Term that he had no expectation of privacy in the premises searched and, thus, he had no standing to object to the seizure of evidence therefrom *(see, People v Ponder,* 54 NY2d 160; *People v Lewis,* 108 AD2d 872).

Moreover, the defendant's claim that the court erred in failing to give an accomplice charge to the jury with respect to the prosecution witness Abimael Torres has not been preserved for appellate review. The defendant's counsel did not request that the court submit to the jury the question of whether the witness was an accomplice as a matter of fact nor did he request that the witness be considered an accomplice as a matter of law. Similarly, no objection on either basis was made to the court's final jury charge. Therefore, the defendant's claim has not been preserved for this court's review *(see,* CPL 470.05 [2]).

Finally, although the defendant's murder convictions arose out of a single transaction, they involved separate acts of shooting each victim which constituted independent offenses and the elements of each of these offenses were not material elements of the other. Thus, the court did not err in sentencing the defendant to consecutive terms of imprisonment for the murder of each victim *(see,* Penal Law § 70.25 [2]; *People v Brathwaite,* 63 NY2d 839, *on remand* 106 AD2d 509). Moreover, in light of the facts herein, the sentence imposed was not an abuse of discretion *(see, People v Farrar,* 52 NY2d 302; *People v Suitte,* 90 AD2d 80). Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.