■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MANDLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered June 1, 1983, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements.

Ordered that the judgment is affirmed.

Contrary to the defendant's present contention, the record supports the hearing court's conclusion that the police officers acted properly in inquiring of and eventually arresting the defendant, as they responded to a radio call concerning an impending robbery and found the defendant and his companion at the specified location. Both men closely matched the descriptions supplied in the radio transmission and gave vague and evasive answers when questioned by the responding police officers. These facts, when combined with the officers' observation of a bulge in the defendant's waistband which they believed was a weapon, justified a pat-down search of the defendant (see, People v King, 65 NY2d 702; People v Stewart, 41 NY2d 65; People v Lewis, 108 AD2d 872). Likewise, the defendant's flight during the attempted frisk and his display of a handgun during the ensuing chase provided ample probable cause for his arrest (see generally, People v Mateo, 122 AD2d 229; People v Lewis, supra; People v Horvath, 108 AD2d 926).

We further reject the defendant's claim that he was denied the effective assistance of trial counsel. The record demonstrates that counsel sought and conducted pretrial hearings, engaged in lengthy cross-examination, put forth cogent legal arguments, and presented a tenable albeit ultimately unsuccessful defense. Counsel's vigor and competence throughout the proceedings refutes the defendant's contention that he was deprived of meaningful representation (see, People v Lane, 60 NY2d 748; People v Baldi, 54 NY2d 137; People v Hill, 122 AD2d 810).

We have examined the defendant's remaining contentions

and find them to be either unpreserved for appellate review or without merit. Brown, J. P., Lawrence, Weinstein and Eiber, JJ., concur.