■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FIORELLO, Appellant.

The defendant's inculpatory statement to the police officers who approached him after having observed the erratic course of his vehicle was properly admissible at trial. The defendant's statement, "I'm too drunk to drive. Let me walk home. I'll walk home", was made pursuant to a routine inquiry following an alleged traffic infraction at a point when the defendant was not in custody. Therefore, *Miranda* warnings were not required *(see, Berkemer v McCarty,* 468 US 420, 440; *People v Bennett,* 70 NY2d 891, 894; *People v Morales,* 65 NY2d 997, 998).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The prosecutor's remarks during summation to which the defendant now objects constituted fair responses to the summation remarks made by the defense counsel which impugned the officers' credibility *(see, People v Anthony,* 24 NY2d 696, *rearg denied sub nom. People v Batten,* 25 NY2d 647; *People v Seldon,* 128 AD2d 742, *appeal denied* 70 NY2d 656; *People v Jones,* 125 AD2d 494, 495, *appeal denied* 69 NY2d 829). The record does not support a conclusion that the prosecutor's remarks substantially prejudiced the defendant's trial *(see, People v Galloway,* 54 NY2d 396; *People v Reichbach,* 131 AD2d 515, 516-517).

In view of the defendant's extensive criminal record, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Brown, Weinstein and Rubin, JJ., concur.