■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSTON HARRIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered December 9, 1986, convicting him of criminal possession of a weapon in the third degree and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up

for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred in refusing to suppress evidence because his initial stop was allegedly made upon mere suspicion, not probable cause and, therefore, there was no lawful predicate for his arrest. We disagree.

An officer may approach a private citizen for the purpose of requesting information as long as there is some "articulable reason" sufficient to justify the police action which was taken *(People v De Bour,* 40 NY2d 210, 213). In the instant case, the defendant's resemblance to the composite drawing of a robbery suspect constituted an "articulable reason" sufficient to warrant the police officers' request that the defendant produce identification. The fact that the defendant responded by pushing the car door into one of the officers and attempting to run while drawing a gun provided the officers with probable cause to arrest the defendant *(see, People v Rivera,* 142 AD2d 742; *People v Mandley,* 134 AD2d 622).

We have examined the defendant's other contentions and find them to be either unpreserved for appellate review *(People v Battles,* 141 AD2d 748), without merit *(People v Suitte,* 90 AD2d 80), or harmless beyond a reasonable doubt *(People v Crimmins,* 36 NY2d 230). Thompson, J. P., Rubin, Sullivan and Rosenblatt, JJ., concur.