■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZA HOPKINS, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered February 25, 1986, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BREON HOPKINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered July 27, 1988, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defen-

dant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

While investigating a reported kidnapping, two police officers went to the intersection of 125th Avenue and Merrick Boulevard in Queens, where the victim of the reported kidnapping had been seen. The mother of the alleged kidnap victim, who was in the vehicle with the two officers, pointed to her son, who was sitting on a car in the vicinity of that intersection. Several people who had gathered in the area, including the defendant, began to walk away as officers got out of their car and approached the presumed kidnap victim. One of the two officers asked the defendant, "hey where are you going?" Without responding, the defendant continued to walk away, and both officers then noticed the handle of a gun protruding from his rear pocket. The defendant was then placed under arrest.

The defendant's argument that the gun which was seized at the time of his arrest should have been suppressed is without merit. There is "nothing in the [United States] Constitution which prevents a policeman from addressing questions to anyone on the streets" *(Terry v Ohio,* 392 US 1, 34 [White, J., concurring]; *see also, INS v Delgado,* 466 US 210, 216-217; *Florida v Royer,* 460 US 491, 497; *United States v Mendenhall,* 446 US 554). In New York, a police officer may approach a citizen and ask a question, even "in the absence of any concrete indication of criminality" *(People v De Bour,* 40 NY2d 210, 213) provided that there is some "articulable reason" for the inquiry *(People v De Bour, supra,* at 213; *see also, People v Johnson,* 64 NY2d 617, 619, n 2; *People v Harrison,* 57 NY2d 470, 475; *People v Harris,* 151 AD2d 777, 778; *People v Brown,* 116 AD2d 727, 728). There was an "articulable reason" for the officer's request in this case, since the defendant was a possible witness to a kidnapping.

Moreover, the question, "hey where are you going", did not lead to discovery of the gun, which was in plain view of the officers at all times, and which would have remained visible even if the officer had not asked that question. The defendant, as was his right, refused to answer the officer's question and continued to walk away *(cf., People v Howard,* 50 NY2d 583, 590-591). However, he made no effort to conceal the gun which was protruding from his back pocket and which was fully exposed to the officers, and the officers were not obligated to blind themselves to the obvious.

Under these circumstances, no violation of the defendant's right to be free of unreasonable searches or seizures occurred, and the motion to suppress was properly denied. Mangano, P. J., Bracken, Rubin and Rosenblatt, JJ., concur.