■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CROMBIA RUTH, Appellant. [599 NYS2d 122] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered September 7, 1990, convicting him of assault in the first degree (three counts), reckless endangerment in the first degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the People made a prima facie showing of entitlement to a missing witness charge with respect to the defendant's son. The defendant's

own testimony indicated that his son was in the area of the shooting. Although the defendant argues that his son could not have seen anything, a party requesting a missing witness charge "can hardly know what that witness knows or what the witness would say if called. * * * As a rule, all that the requesting party can do is to show from the witness' relationship to the issues or events in dispute that the witness was in a position to have knowledge of these issues or to have observed the events" *(People v Kitching,* 78 NY2d 532, 537). Here, the People adequately demonstrated that the uncalled witness would have been in a position to have observed the relevant events. In addition, the defendant's 12-year-old son would naturally be expected to testify favorably to the defense and would be under the defendant's control *(see, People v Gonzalez,* 68 NY2d 424). Therefore, the court did not err in giving a missing witness charge.

The defendant further contends that the court erred in imposing consecutive sentences with respect to his convictions for assault in the first degree. Although the defendant's convictions arose out of a single transaction, the conduct of shooting each victim constituted a separate act and consecutive sentences were permissible *(see, People v Truesdell,* 70 NY2d 809; *People v Brathwaite,* 63 NY2d 839; *People v Vasquez,* 134 AD2d 468). Moreover, in light of the facts herein, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Thompson, J. P., Sullivan, Lawrence and Eiber, JJ., concur.