■ In the Matter of HENRY RAYBORN, Appellant, v THOMAS A. COUGHLIN, III, Respondent. [609 NYS2d 271] —In a proceeding pursuant to CPLR article 78, inter alia, to compel the respondent to grant him certain jail-time credit, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Hillery, J.), dated August 2, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

At issue here is whether a term of imprisonment imposed in New York should run concurrently or consecutively to a previously undischarged Federal sentence.

Penal Law § 70.25 (4) states, in part, that "[w]hen a person,

who is subject to any undischarged term of imprisonment imposed at a previous time by a court of another jurisdiction, is sentenced to an additional term or terms of imprisonment by a court of this state * * * [and if] the court of this state does not specify the manner in which a sentence imposed by it is to run, the sentence or sentences shall run consecutively". By way of contrast, Penal Law § 70.25 (1) (a) states in part that

"when a person who is subject to [an] undischarged term of imprisonment imposed at a previous time by a court of this state * * * [and if] the court does not specify the manner in which a sentence imposed by it is to run, the sentence shall [be] as follows:

"(a) [a]n indeterminate sentence shall run concurrently with all other terms."

The petitioner argues that the contrast between the presumption in favor of consecutive sentences, embodied in Penal Law § 70.25 (4), on the one hand, and the presumption in favor of concurrent sentences, embodied in Penal Law § 70.25 (1) (a), on the other, violates the Equal Protection Clause (US Const 14th Amend; NY Const art I, § 11). We disagree.

Both Penal Law § 70.25 (1) (a) and Penal Law § 70.25 (4) confer upon the sentencing court the discretion to decide whether consecutive rather than concurrent sentences are warranted. The greater likelihood that a New York court would overlook a previously imposed foreign sentence provides a rational basis for the discrepancy between the two statutes. Because there is a rational basis for the difference between the two statutes, the Equal Protection Clause was not violated *(see generally, Matter of Vitale v Wilkes, 49 AD2d 702, revg People v Vitale, 80 Misc 2d 36; see also, People v Pacheco, 53 NY2d 663 [concurring opn of Cooke, Ch. J.]).* Mangano, P. J., Bracken, Balletta and Hart, JJ., concur.