Appeal by the defendant from a judgment of the County Court, Nassau County (Kowtna, J.), rendered March 30, 1999, convicting him of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Honorof, J.), of those branches of the defendant’s omnibus motion which were to suppress his statements to the police and the results of his field sobriety test.
Ordered that the judgment is affirmed.
*383 The defendant contends that he was denied the effective assistance of counsel at trial and sentencing. Since many of the claimed deficiencies are based on matter dehors the record, they are not reviewable on direct appeal from the judgment (see People v Robinson, 122 AD2d 173 [1986]; People v Wolcott, 111 AD2d 943 [1985]). To the extent that the claims of ineffective assistance of counsel can be reviewed, however, the record reveals that defense counsel’s performance met the standard of meaningful representation (see People v Rivera, 71 NY2d 705 [1988]; People v Baldi, 54 NY2d 137 [1981]).
The defendant’s contention that the results of the field sobriety tests should have been suppressed because the arresting officer failed to advise him of his Miranda rights (see Miranda v Arizona, 384 US 436 [1966]) was not preserved for appellate review, as he failed to raise this specific issue at the hearing (see CPL 470.05 [2]). In any event, a temporary roadside detention pursuant to a routine traffic stop is not custodial within the meaning of Miranda (see People v Hasenflue, 252 AD2d 829 [1998]; People v Mathis, 136 AD2d 746 [1988]). Moreover, Miranda warnings are not required before the administration of performance tests (see People v Hager, 69 NY2d 141 [1987]). Suppression of the defendant’s statements to the police was properly denied (see People v Fiorello, 140 AD2d 708 [1988]).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see People v Gaimari, 176 NY 84, 94 [1903]). The jury’s determination should be accorded great weight on appeal and should not be disturbed unless it is clearly unsupported by the record (see People v Garafolo, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).
The defendant’s remaining contentions are without merit. Santucci, J.P., Krausman, Townes and Cozier, JJ., concur.