THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GRIFFIN, Appellant. [637 NYS2d 861] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him, upon a retrial, of manslaughter in the second degree and criminal possession of a weapon in the third degree, defendant contends that his constitutional right to confront witnesses against him was violated by the admission of the prior trial testimony of a witness who was unavailable at the retrial and who had recanted portions of his prior testimony in a letter to County Court. That contention lacks merit. The witness, in a sworn statement given to defendant's attorney before the prior trial, recanted portions of an initial statement that he had given to the police. Thus, defendant was afforded the opportunity to cross-examine the witness at the prior trial regarding that witness's several versions of the shooting and his attorney availed himself of that opportunity *(see, People v Simmons,* 36 NY2d 126, 130). Moreover, because defendant testified at his retrial that he accidentally shot the victim, and because the prior trial testimony of the witness did not relate to that issue, no prejudice to defendant has been demonstrated.

The contention of defendant that his conviction is not supported by legally sufficient evidence because of contradictory testimony of a prosecution witness has not been preserved for

our review *(see, People v Gray,* 86 NY2d 10; *see also, People v Santos,* 86 NY2d 869), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

Lastly, we conclude that the sentence is neither unduly harsh nor severe, and we decline to exercise our power to modify it as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Erie County Court, Rogowski, J.—Manslaughter, 2nd Degree.) Present—Pine, J. P., Lawton, Wesley, Davis and Boehm, JJ.