■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD A. JOHNSON, Appellant. [661 NYS2d 326] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Genesee County Court for sentencing in accordance with the following Memorandum: Pursuant to a jury verdict, defendant was found guilty of two counts of assault in the second degree (Penal Law § 120.05 [2], [7]), for causing physical injury to a fellow inmate at the Genesee County Jail by means of a dangerous instrument, to wit, defendant's sneakers. Defendant contends that his conviction under count one of the indictment (Penal Law § 120.05 [2]) is not supported by legally sufficient evidence and is against the weight of the evidence because there is no proof that he was wearing sneakers

or any other footwear, and, therefore, the dangerous instrument element of the crime was not established. We agree. The People concede that there was no explicit proof offered at trial indicating that defendant was wearing sneakers. The admission by defendant's attorney in his opening statement does not constitute evidence, nor does it relieve the People of their burden of proof. Thus, we modify the judgment by reducing the conviction of assault in the second degree under count one of the indictment to assault in the third degree (Penal Law § 120.00 [1]) and vacating the sentence imposed thereon, and we remit the matter to Genesee County Court for sentencing on assault in the third degree. The conviction of assault in the third degree is fully supported by the evidence (*see, People v Austin,* 131 AD2d 490, 491). Defendant's conviction of assault in the second degree under count two for causing physical injury to another while confined in a correctional facility (Penal Law § 120.05 [7]) is supported by the evidence.

Defendant waived his contention that his due process rights were violated by the failure of the prosecutor to file a special information pursuant to CPL 200.60 with respect to the second count. Defendant stipulated at trial that he was incarcerated for a parole violation at the time of this incident and consented to the People's filing of a special information during trial.

There is no merit to the contention that defendant was not afforded effective assistance of counsel (*see, People v Satterfield,* 66 NY2d 796, 798-799). (Appeal from Judgment of Genesee County Court, Morton, J.—Assault, 2nd Degree.) Present—Pine, J. P., Lawton, Callahan, Doerr and Balio, JJ.