■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH R. TATRO, Appellant. [667 NYS2d 560] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of driving while intoxicated as a felony and aggravated unlicensed operation of a motor vehicle in the first degree. We reject the contention of defendant that the evidence is legally insufficient to establish that he operated the motor vehicle. Although the People's witnesses did not testify that they saw defendant behind the wheel of the vehicle, both testified that they observed defendant enter the vehicle through the driver's side door and then saw the vehicle proceed across the parking lot. The police officer testified that, after the vehicle was stopped, defendant exited through the driver's side door. Furthermore, defendant responded "Yeah" when the officer asked if he had been operating the vehicle. There is sufficient evidence to corroborate defendant's admission and to establish beyond a reasonable doubt that defendant operated the motor vehicle (*see, People v Booden,* 69 NY2d 185).

The evidence, viewed in the light most favorable to the People, is also sufficient to establish that defendant was operating the vehicle while in an intoxicated condition within the meaning of section 1192 (3) of the Vehicle and Traffic Law (*see, People v Cruz,* 48 NY2d 419, 427-428, *appeal dismissed* 446 US 901; *People v Ottomanelli,* 107 AD2d 212, 216-217, *lv denied* 66 NY2d 617).

Defendant contends that County Court's acceptance of the parties' stipulation that provided for an automatic conviction of aggravated unlicensed operation of a motor vehicle upon a conviction of DWI or DWAI deprived him of his constitutional right to due process. The record establishes that defendant freely and voluntarily entered into the stipulation as part of a strategy to keep the jury from learning of his prior DWI conviction and that his license was suspended or revoked at the time of his arrest. Thus, defendant waived his contention that his due process rights were violated (*see, People v Johnson,* 241 AD2d 954). Unless public policy is violated, the parties are free to chart their own procedural course and " 'may fashion the basis upon which a particular controversy will be resolved' "

(*Mitchell v New York Hosp.*, 61 NY2d 208, 214, quoting *Cullen v Naples*, 31 NY2d 818, 820). (Appeal from Judgment of Genesee County Court, Morton, J.—Felony Driving While Intoxicated.) Present—Green, J. P., Lawton, Callahan, Doerr and Balio, JJ.