■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENT A. FLANAGAN, Appellant. [668 NYS2d 528] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of operating a motor vehicle while his ability to operate the vehicle was impaired by alcohol (Vehicle and Traffic Law § 1192 [1]), criminal impersonation in the second degree (Penal Law § 190.25 [1]) and aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3]). Defendant contends that County Court's missing witness charge was ambiguous and misleading. Because defendant did not object to the charge, his contention is unpreserved for our review (*see,* CPL 470.05 [2]; *People v Moyer,* 237 AD2d 990, *lv denied* 89 NY2d 1097), and we decline to exercise our power to reach it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

There is no merit to the contention of defendant that the prosecutor's comments on summation deprived defendant of a fair trial. The comments concerning the failure of certain persons to testify constituted an appropriate response to defense counsel's summation (*see, People v Halm,* 81 NY2d 819, 821; *People v Romanelli,* 239 AD2d 940, *lv denied* 90 NY2d 910).

The contention of defendant that his conviction is not supported by legally sufficient evidence because the testimony of the prosecution's sole witness was contradictory, inconsistent and unworthy of belief is not preserved for our review (*see, People v Gray,* 86 NY2d 10, 19; *People v Griffin,* 224 AD2d 957, *lv denied* 88 NY2d 985), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Defendant waived his contention that the court failed to comply with the requirements of CPL 300.40 in presenting the case to the jury. He consented to the manner in which that was done, and the court complied with the requirements of CPL 200.60 by permitting defendant to admit, outside the presence of the jury, elements of the offense of aggravated unlicensed operation of a motor vehicle in the first degree (*see generally, People v Cooper,* 78 NY2d 476).

Finally, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Impersonation, 2nd Degree.) Present—Pine, J. P., Lawton, Wisner, Callahan and Boehm, JJ.