■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD L. DONHAUSER, JR., Appellant. [683 NYS2d 357] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of driving while intoxicated (DWI) as a felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c]) and aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3]). In February 1996 defendant was sentenced as a persistent felony offender to an indeterminate term of incarceration of 15 years to life.

The verdict is not against the weight of the evidence. The testimony of a Deputy Sheriff concerning his observations of defendant and the admission of defendant that he had been drinking were sufficient to establish defendant's intoxication (see, People v Bowers, 201 AD2d 830, lv denied 83 NY2d 909).

We cannot conclude that the jury failed to give the evidence the weight it should be accorded (*see, People v Bleakley,* 69 NY2d 490, 495). The prosecutor's conduct was not so egregious as to deny defendant a fair trial (*see, People v Broadus,* 129 AD2d 997, *lv denied* 70 NY2d 643).

Prior to trial, defendant entered into a stipulation pursuant to CPL 200.60 (*see generally, People v Cooper,* 78 NY2d 476, 482-483), admitting a prior DWI conviction and also admitting that, at the time of his arrest, he knew that his license was revoked as the result of a prior conviction or refusal to submit to a breathalyzer test. The record establishes that defendant voluntarily entered into the stipulation "as part of a strategy to keep the jury from learning of his prior DWI conviction and that his license was suspended or revoked at the time of his arrest" (*People v Tatro,* 245 AD2d 1040). Thus, defendant thereby waived his present contention that County Court failed to comply with CPL 320.10 (2) in not submitting count two to the jury (*see, People v Tatro, supra; see also, People v Flanagan,* 247 AD2d 899, *lv denied* 91 NY2d 972).

As a matter of discretion in the interest of justice, we modify the judgment by vacating the finding that defendant is a persistent felony offender and reducing the sentence to an indeterminate term of incarceration of 1⅓ to 4 years (*see,* CPL 470.20 [6]). We note that, had defendant's offense been committed after October 31, 1996, it could have been punishable as a class D felony (*see,* Vehicle and Traffic Law § 1193 [1] [c] [ii], added by L 1996, ch 652). (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Felony Driving While Intoxicated.) Present—Pine, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ. [As amended by unpublished order entered Dec. 31, 1998.]