■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES L. SWAN, Appellant. [716 NYS2d 194] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for resentencing in accordance · with the following Memorandum: Defendant appeals from a judgment convicting him after a jury trial of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]; § 1193 [1] [a]), aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a]) and driving left of pavement markings (Vehicle and Traffic Law § 1126 [a]). Supreme Court properly denied defendant's motion to suppress statements that defendant made to police before being advised of his *Miranda* rights. The police stopped defendant's vehicle because it was being driven erratically, and *Miranda* warnings were not required before the police asked defendant where he had been and whether he had been drinking (*see, People v Baker,* 188 AD2d 1012, *lv denied* 81 NY2d 967; *People v Mason,* 157 AD2d 859; *People v Mathis,* 136 AD2d 746, *lv denied* 71 NY2d 899).

At trial defendant stipulated that the jury may find him guilty of aggravated unlicensed operation of a motor vehicle in the first degree if the jury found him guilty of either driving while intoxicated (DWI) or driving while ability impaired. Defendant contends that this automatic conviction procedure violated his right to due process. Here, as in *People v Tatro* (245 AD2d 1040), the record establishes that defendant freely and voluntarily entered into the stipulation as part of a strategy to keep the jury from learning that his license was revoked

as a result of a prior DWI conviction. "Thus, defendant waived his contention that his due process rights were violated" (*People v Tatro, supra*, at 1040).

Defendant contends that a later stipulation read to the jury indicating that he did not have a driver's license and that he knew that his license was revoked violated the assurances that were given by the court when he stipulated to the automatic conviction procedure. Defendant consented to that later stipulation and did not object when it was read to the jury. Thus, that contention is not preserved for our review (*see,* CPL 470.05 [2]). In any event, in keeping with the court's assurances, the jury was never informed that defendant's license was revoked as a result of a DWI conviction. We reject the contention of defendant that he was denied effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 147).

Defendant further contends that the court imposed a $750 fine for driving while ability impaired under the mistaken belief that such a fine was mandatory. While sentencing defendant on that conviction, the court observed: "There's a mandatory fine on that conviction. I'm fining you the seven hundred and fifty dollars." Vehicle and Traffic Law § 1193 (1) (a) provides for a fine, a period of imprisonment, or both, and it thus does not require the imposition of a fine. Because the court failed to apprehend the extent of its discretion, we modify the judgment by vacating the sentence imposed for driving while ability impaired and remit the matter to Supreme Court for resentencing on that conviction (*see, People v Thomas*, 245 AD2d 1136; *People v Moore*, 212 AD2d 1062). (Appeal from Judgment of Supreme Court, Erie County, Buscaglia, J.—Aggravated Unlicensed Operation Motor Vehicle, 1st Degree.) Present—Pine, J. P., Hayes, Wisner, Kehoe and Lawton, JJ.