■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOBY S. SMITH, Appellant. [761 NYS2d 895] —Appeal from a judg-

ment of Cattaraugus County Court (Himelein, J.), entered April 8, 2002, convicting defendant after a jury trial of, inter alia, felony driving while intoxicated.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed, and the matter is remitted to the Cattaraugus County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, felony driving while intoxicated (DWI) (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [i]), and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a]). By failing to raise a timely challenge to the seating of a juror, defendant waived the challenge (see CPL 270.15 [4]). In any event, even if the juror had knowledge of defendant's work history, such knowledge was irrelevant to the crimes charged and did not bear on the juror's qualifications to serve (see generally 270.20).

Defendant failed to preserve for our review his contention that County Court erred in permitting the arresting officer to testify regarding defendant's desire not to speak after the officer administered *Miranda* warnings, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his further contention that the evidence is legally insufficient to support the DWI conviction (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, the evidence of DWI is legally sufficient to support that conviction.

Defendant further contends that the court violated CPL 320.10 by accepting the stipulation to the conviction of felony aggravated unlicensed operation of a motor vehicle without obtaining the waiver of a jury trial in writing in open court. "The record establishes that defendant freely and voluntarily entered into the stipulation as part of a strategy to keep the jury from learning of his prior DWI conviction and that his license was suspended or revoked at the time of his arrest" (People v Tatro, 245 AD2d 1040, 1040 [1997]), and thus defendant waived that contention (see People v Donhauser, 255 AD2d 933, 934 [1998]).

Defendant also waived his contention that the court erred in submitting copies of the DWI and driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) statutes to the jury during deliberations. Defendant consented to the submission thereof, and CPL 310.30 permits the court to submit the text of a statute, with the consent of the parties, when, as

here, the jury requests further instruction with respect to the law.

We further conclude that defendant received effective assistance of counsel. The record establishes that, after defense counsel advised the court that he had represented the arresting officer on unrelated civil matters, the court engaged defendant in a *Gomberg* inquiry (*see People v Gomberg*, 38 NY2d 307 [1975]) and advised defendant of the potential risks of continuing representation by defense counsel, and defendant chose to have defense counsel continue to represent him. Thus, it cannot be said that defendant was denied effective assistance of counsel (*see People v Miller*, 187 AD2d 930, 930-931 [1992]; *cf. People v Wandell*, 75 NY2d 951, 952 [1990]). Finally, the sentence is not unduly harsh or severe. Present—Pine, J.P., Hurlbutt, Gorski, Lawton and Hayes, JJ.