People v Hawkins (2020 NY Slip Op 00790)





People v Hawkins


2020 NY Slip Op 00790


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, TROUTMAN, AND BANNISTER, JJ.


1305 KA 15-01996

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RODNEY HAWKINS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered September 23, 2015. The judgment convicted defendant following a jury trial of driving while intoxicated, as a class E felony, aggravated unlicensed operation of a motor vehicle in the first degree and operating a motor vehicle not equipped with a court ordered ignition interlock device. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of driving while intoxicated (DWI) (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i] [A]), aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]), and operating a motor vehicle not equipped with a court ordered ignition interlock device (§ 1198 [9] [d]).
Defendant contends that County Court violated CPL 320.10 by accepting the stipulation to the convictions of aggravated unlicensed operation of a motor vehicle in the first degree and operating a motor vehicle not equipped with a court ordered ignition interlock device without obtaining the waiver of a jury trial in writing in open court. The record, however, establishes that "defendant freely and voluntarily entered into the stipulation as part of a strategy to keep the jury from learning of his prior DWI conviction and that his license was suspended or revoked at the time of his arrest" (People v Tatro, 245 AD2d 1040, 1040 [4th Dept 1997]), and thus defendant waived that contention (see People v Gibson, 173 AD3d 1785, 1786-1787 [4th Dept 2019], lv denied 34 NY3d 931 [2019]).
Defendant failed to preserve his contention pursuant to CPL 200.60 (3) that the court erred by arraigning him on the special information before jury selection began (see People v Reid, 232 AD2d 173, 174 [1st Dept 1996], lv denied 90 NY2d 862 [1997]; People v Strange, 194 AD2d 474, 474 [1st Dept 1993], lv denied 82 NY2d 727 [1993]; cf. People v Alston, 169 AD3d 1, 4 [1st Dept 2019], lv granted 33 NY3d 983 [2019]). Defendant's further contention that he was denied a fair trial by prosecutorial misconduct during jury selection and summation is also unpreserved for our review inasmuch as defendant did not object to any of the alleged improprieties (see People v Carrasquillo, 142 AD3d 1359, 1359 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Contrary to defendant's contention, the $2,000 fine imposed pursuant to his DWI conviction is not unduly harsh or severe.
We have reviewed defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court