People v Washington (2020 NY Slip Op 01369)





People v Washington


2020 NY Slip Op 01369


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-03326
 (Ind. No. 4630/14)

[*1]The People of the State of New York, respondent,
v
Daquonn Washington, appellant.


Paul Skip Laisure, New York, NY (Joshua M. Levine of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Clifford Chance US LLP [E. Carlisle Overbey], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (ShawnDya L. Simpson J.), rendered February 16, 2017, convicting him of assault in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence relating to the two charges of which he was convicted is unpreserved for appellate review (see CPL 470.05[2]; People v Padro, 75 NY2d 820). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant physically injured the victims by means of a "dangerous instrument," namely footwear readily capable of causing serious physical injury in the manner in which it was used (Penal Law § 120.05[2]; see Penal Law § 10.00[13]; Matter of Jason J., 187 AD2d 652, 653; People v Bidwell, 153 AD2d 960; but see People v Johnson, 241 AD2d 954), and that the defendant acted in concert with his codefendant such that he was responsible for the codefendant's conduct in striking one of the victims in the back of the head with a bottle (see People v Scott, 25 NY3d 1107, 1109-1110; People v Allah, 71 NY2d 830, 831-832; People v Gurgov, 129 AD3d 989, 990; Matter of Tatiana N., 73 AD3d 186, 191). Moreover, upon our independent review of the record (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Under the circumstances of this case, any error by the trial court in failing to administer an expanded charge on cross-racial identification (see People v Boone, 30 NY3d 521) was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the defendant would have been acquitted if not for the error (see People v Crimmins, 36 NY2d 230, 241-242; People v Ibarguen, 173 AD3d 1207; People v Jordan, 167 AD3d 1044, 1044-1045; People v Bradley, 160 AD3d 760, 762).
The defendant's remaining contention is without merit.
CHAMBERS, J.P., AUSTIN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court