■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES W. BROWN, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered September 1, 1983, upon a verdict convicting defendant of the crime of operating a motor vehicle while under the influence of alcohol, as a felony.

After a jury trial in County Court, defendant was convicted of driving while intoxicated as a felony. He was sentenced to an indeterminate term of one to four years in jail and a fine of $500. This appeal by defendant ensued.

Initially, defendant contends that the People committed reversible error by failing to describe each of the elements of the crime charged in their opening statement to the jury. In the opening statement, the prosecutor should "set forth the nature of the charge against the accused and state briefly the facts he expects to prove, along with the evidence he plans to introduce in support of the same" (*People v Kurtz,* 51 NY2d 380, 384, cert den 451 US 911). The opening statement is not the same as an

indictment. Here, the prosecutor did state the nature of the charge and describe the facts to be proved and the evidence in support of them. The fact that he failed to mention one of the elements of the crime does not constitute error.

Defendant also alleges as error the denial of his motion to suppress oral statements made to the arresting police officer. The suppression hearing testimony indicates that, at 2:00 A.M. on January 23, 1983, the police officer came upon defendant's car parked off the roadway in contact with a guardrail. Defendant was seated behind the steering wheel. When the officer asked defendant for his license and registration, he noticed the odor of alcohol on defendant's breath. The officer then asked defendant to get out of the car and go to the front of the vehicle. After defendant staggered to the front of the car, the officer, without first giving *Miranda* warnings, asked defendant what happened and if he had been drinking. Defendant then admitted that he had been drinking. At the suppression hearing, the police officer admitted that he had formed his opinion that defendant was intoxicated after defendant staggered toward the front of the vehicle; i.e., before the officer asked defendant if he had been drinking. Defendant argues that he had been, or should have been, arrested at that point such that *Miranda* warnings were required before the officer asked him if he had been drinking.

We disagree. In his argument, defendant stresses the fact that the police officer believed defendant was intoxicated before the questioning. However, the question of whether defendant is "in custody" for purposes of *Miranda* does not rest on the belief of the police officer, but on the objective belief of defendant: "The test is * * * what a reasonable man, innocent of any crime, would have thought had he been in the defendant's position" (*People v Yukl*, 25 NY2d 585, 589, cert den 400 US 851). It is clear that a reasonable man, innocent of any crime, in the circumstances of defendant herein would not have considered himself "in custody" simply due to the police officer's request to get out of the car and proceed to the front of the vehicle. Thus, the suppression motion was properly denied.

Finally, we reject defendant's contention that the sentence was harsh and excessive.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.