■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JEREMIAH MATHIS, Respondent.—Appeal by the People from an order of the County Court, Orange County (Byrne, J.), dated April 21, 1986, which granted that branch of the defendant's omnibus motion which was to suppress a statement allegedly made by the defendant to law enforcement authorities.

Ordered that the order is reversed, on the law, the branch of the defendant's omnibus motion which was to suppress a statement made by the defendant to law enforcement authorities is denied, and the matter is remitted to the County Court, Orange County, for further proceedings.

The defendant's car was stopped by police after it was

observed being driven erratically. The arresting officer asked for the defendant's license, registration and insurance card. The defendant initially protested but then complied. During this verbal exchange the officer detected alcohol on the defendant's breath. He asked the defendant to exit and walk to the back of the vehicle. The officer asked the defendant where he was going, whether he had been out that night and whether he had been drinking. To this last question the defendant replied that he had had 1 or 2 drinks. The officer thereafter placed the defendant under arrest and advised him of his *Miranda* rights and those rights given to suspected intoxicated drivers. The defendant declined to submit to a breathalyzer test. The arrest was observed by another officer parked across the street and by the defendant's companions who remained inside the detained auto. The officer testified at the *Huntley* hearing that under the above circumstances, from the moment of the initial inquiry, the defendant was not free to leave.

The County Court granted that branch of the defendant's omnibus motion which sought suppression of his inculpatory statement made at the scene to the arresting officer. The determination that the defendant was in custody when he was asked if he had been drinking was erroneous. A temporary roadside detention pursuant to a routine traffic stop is not custodial within the meaning of *Miranda v Arizona* (384 US 436; *see, Berkemer v McCarty,* 468 US 420). Although traffic stops do significantly curtail the freedom of action of the driver and any passengers within the detained vehicle, and have been held to be seizures within the meaning of the Fourth Amendment *(see, Delaware v Prouse,* 440 US 648), a driver need not be immediately advised of his constitutional rights. Two features of an ordinary traffic stop combine to mitigate the dangers that a person will be forced to speak in a self-incriminating manner. First, the detention is presumptively brief and after a short period of questioning and possibly the issuance of a citation, the motorist will be allowed to continue on his way. Second, the traffic stop occurs in public and usually only 1 or 2 police officers are present, thus diminishing the surrounding aura of police domination which is present in a custodial detention. Indeed, the less intrusive nature of roadside detentions has persuaded the United States Supreme Court to find them to be more closely analogous to a *Terry* stop *(see, Terry v Ohio,* 392 US 1), i.e., a brief investigatory detention based upon a finding of reasonable suspicion

which requires no preinterrogation *Miranda* warnings *(see, Berkemer v McCarty, supra)*. The applicable standard for determining whether interrogation is or is not custodial is what "a reasonable man, innocent of any crime would have thought had he been in the defendant's position" *(People v Yukl,* 25 NY2d 585, 589, *mot to amend remittitur denied* 26 NY2d 845, 883, *cert denied* 400 US 851). Roadside detentions have been held to be noncustodial and reasonable initial interrogation attendant thereto has been held to be merely investigatory *(see, People v Brown,* 104 AD2d 696).

Further, given the State's vital interest in promoting safety on its public highways *(see, People v Ingle,* 36 NY2d 413, 419), the defendant's final contention, that this court should afford him greater constitutional protections under the State Constitution than those afforded to the defendant in *Berkemer v McCarty (supra)* by the United States Supreme Court under the Federal Constitution is without merit. Since the finding that the defendant was in custody was erroneous as a matter of law, the order granting suppression must be reversed *(see, People v Newson,* 68 AD2d 377). Bracken, J. P., Eiber, Kunzeman and Harwood, JJ., concur.