OPINION OF THE COURT
Martin Schoenfeld, J.
Defendant, Jacek Kmita, is charged with driving while intoxicated pursuant to section 1192 (2), (3) of the Vehicle and Traffic Law. The case is unique in that the initial confrontation between the police and defendant was not the result of a *64 traffic infraction or erratic driving. Rather it was based upon a police officer’s observation that defendant, while driving his automobile, entered a public park after closing hours. A probable cause hearing pursuant to Dunaway v New York (442 US 200 [1979]) was conducted before a Judicial Hearing Officer who upon determining that there had been an illegal detention suppressed the results of a breath test and a statement made by defendant. The pertinent facts are as follows:
Shortly after 1 o’clock in the morning on August 7, 1987 Police Officer Juan Nivar and his partner were on motor patrol in the vicinity of Fort Washington Avenue and Cabrini Boulevard. Defendant was spotted driving his car into Cabrini Park. There was a female passenger with him. At that hour the park was closed to the public. The officers rode their vehicle into the park. They observed the couple standing by a wall, a short distance from where defendant’s automobile was now parked. Officer Nivar alighted from the police car and walked over to tell the couple that they had to leave.
During a brief conversation the officer smelled a strong odor of alcohol on defendant’s breath. He also noticed that defendant had bloodshot eyes and slightly slurred speech. When asked if he had been drinking, defendant replied to have had a few Heineken beers. He was requested to produce a license and registration. As defendant walked to his car to obtain these documents, the officer observed him to be unsteady on his feet. Using a portable machine,- the officer further requested that defendant submit to an alco-sensor breath screening test. Defendant complied, and the test result indicated a blood alcoholic content in excess of that which is legally permissible for drivers. Thereupon defendant was arrested.
Based on these facts, particularly that defendant was not seen driving in a deviant manner, the Judicial Hearing Officer concluded that while the police could tell him to leave the park, they did not have the right to make further inquiry. I must respectfully disagree. At the outset it should be noted that by entering the park after hours defendant did violate the law. (See, Rules & Regs of NY City Dept of Parks & Recreation § 31 [a].) For this reason alone there was probable cause for further investigation. However, even had a crime not been committed, Officer Nivar’s careful step-by-step approach was not under the circumstances unreasonable conduct. His brief encounter with the couple was obviously not a *65 conscious effort to restrain them, but rather a limited intrusion to rectify what appeared to be an impermissible situation.
The law is clear that so long as there is no compulsion a police officer does not violate Fourth Amendment rights simply by approaching an individual in a public place to ask reasonable questions. (People v Bennett, 70 NY2d 891 [1987]; People v De Bour, 40 NY2d 210 [1976]; see, People v Kuhn, 33 NY2d 203, 208 [1973].) Nor is a question considered to be custodial interrogation merely because it elicits an incriminating remark. (People v Huffman, 41 NY2d 29 [1976]; People v Gardell, 59 AD2d 929 [2d Dept 1977].) A question as to whether a motorist was drinking is generally not considered to be custodial in nature. (People v Palmiere, 124 AD2d 1016 [4th Dept 1986]; People v Brown, .104 AD2d 696 [3d Dept 1984]; People v Mathis, 136 AD2d 746 [2d Dept 1988].)
Furthermore, provided that he does not resort to extraordinary means, a police officer may take note of anything evident to his senses. (United States v Ortega, 471 F2d 1350, 1361 [2d Cir 1972], cert denied 411 US 948 [1973].) This includes the smell of alcohol on a person’s breath, the sound of slurred speech or the sight of reddened eyes. (See, People v Robbins, 132 Misc 2d 653 [Westchester County 1986]; People v Suchocki, 57 Misc 2d 26 [Nassau County 1968].) Once such observations are made it would seem procedurally proper for the officer to then extract a breath sample from defendant. (See, Schmerber v California, 384 US 757 [1966]; People v Brockum, 88 AD2d 697 [3d Dept 1982]; People v Graser, 90 Misc 2d 219 [Erie County 1977].)
In the present case although there was no immediate traffic violation involved, the totality of circumstances including the observations made by the police, the alco-sensor test results and defendant’s admission about drinking provided probable cause for charging him with driving while intoxicated. More significantly for purposes of this motion, as each factor developed the scope of police intrusion remained within acceptable guidelines of Terry v Ohio (392 US 1 [1968]). In determining whether or not interrogation is custodial a reasonable man standard is used. (People v Yukl, 25 NY2d 585, 589 [1969], cert denied 400 US 851 [1970]; People v Brown, 104 AD2d 696 [3d Dept 1984], supra.) Applying this objective standard it is clear that Police Officer Nivar’s initial conversation with the couple *66 in the park was not custodial in nature. It did not constitute a restraint upon defendant’s freedom of movement, but merely approached the inquiry level. Accordingly, while the findings of fact of the Judicial Hearing Officer are adopted, the conclusions of law are rejected and the motion to suppress is in all respects denied.