■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE MASON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered July 1, 1987, convicting him of driving while intoxicated as a felony, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a

hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to a State Trooper.

Ordered that the judgment is affirmed.

On March 31, 1985, at approximately 5:00 A.M., State Trooper Paul Rauseo was patroling the Southern State Parkway in the vicinity of Eagle Avenue in Hempstead, Long Island. Traveling in the westbound lane of the parkway, the Trooper observed a Cadillac in front of him cut from the far lane across his path and onto a median on which an abandoned gas station was located. The Trooper testified that it was necessary for him to apply his brakes in order to avoid hitting the Cadillac as it cut in front of him. He then pulled his patrol car directly behind the defendant's car. Both the Trooper and the defendant exited their vehicles simultaneously and approached each other. As the Trooper approached the defendant, he asked to see his license and registration and noticed that the defendant's gait was unsteady, that his eyes were bloodshot and watery and that he smelled of alcohol. At this juncture, and before the issuance of *Miranda* warnings, the Trooper asked the defendant if he had been drinking, to which he replied, "yes, I had a few beers". The defendant was then placed under arrest for driving while intoxicated. On appeal, the defendant contends that the hearing court erred in concluding that the foregoing statement was not the product of a custodial interrogation to which the *Miranda* rule would be applicable. We disagree.

It is well settled that, "[t]he applicable standard for determining whether interrogation is or is not custodial is what 'a reasonable man, innocent of any crime would have thought had he been in the defendant's position' " *(People v Mathis, 136 AD2d 746, 748, quoting from *People v Yukl, 25 NY2d 585, 589, *cert denied* 400 US 851; *see, People v Hicks, 68 NY2d 234, 240; *People v Dyla, 142 AD2d 423; *People v Ramos, 140 AD2d 464, 465). As this court has recently held, "[r]oadside detentions have been held to be noncustodial and reasonable initial interrogation attendant thereto has been held to be merely investigatory" *(People v Mathis, supra, at 748; *People v Gilyard, 145 AD2d 568; *cf., People v Fiorello, 140 AD2d 708).

Viewed in light of the foregoing principles, the hearing court's determination that no custodial interrogation occurred was entirely proper. The record reveals that the defendant himself pulled his automobile off the highway, that he exited his automobile without being ordered to do so, and that there

were no coercive statements or actions made by Trooper Rauseo prior to the defendant's admission that he had been drinking that night. Under the circumstances, the Trooper's question with respect to whether the defendant had been drinking constituted a noncustodial investigatory inquiry for which *Miranda* warnings were not required *(see, People v Mathis, supra).* Mollen, P. J., Mangano, Kunzeman and Kooper, JJ., concur.