■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL HARRIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered June 12, 1990, convicting him of criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The police were justified in stopping the vehicle which the defendant was driving because they observed him violate the Vehicle and Traffic Law *(see, People v Ingle,* 36 NY2d 413, 420). There is no evidence to support the defendant's claim that the police action was prompted by racially motivated objectives. Once stopped, the police were not required to advise the defendant of his *Miranda* rights since a "temporary roadside detention pursuant to a routine traffic stop is not custodial within the meaning of *Miranda v Arizona* (384 US 436)" *(People v Mathis,* 136 AD2d 746, 747) and "reasonable initial interrogation attendant [to a roadside detention] has been held to be merely investigatory" *(People v Mathis, supra,* at 748; *see, People v Brown,* 104 AD2d 696).

Furthermore, the police action in detaining the defendant for approximately 30 minutes was reasonable under the circumstances *(see, United States v Sharpe,* 470 US 675; *People v Hicks,* 68 NY2d 234; *People v White,* 156 AD2d 741, 742). While the roadside detention was longer than that ordinarily encountered, it was caused by, among other things, the defendant's evasive answers, which gave the police reason for prolonging the stop and making further inquiries *(see, People v Hicks, supra,* at 241), as well as the unavoidable circumstance of a computer breakdown at the Department of Motor Vehicles, which temporarily thwarted the arresting officer's diligent efforts to ascertain relevant information.

The defendant's remaining contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]), or without merit. Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.