◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BLAND, Appellant. [755 NYS2d 550] —Appeal from a judgment of Supreme Court, Erie County (Tills, J.), entered March 10, 2000, convicting defendant upon his plea of guilty of criminal possession of a weapon in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant was convicted of two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [former (4)], [former (5) (ii)]), arising from his possession of a gun seized by police from his right rear pocket during an investigation of shots fired in the parking lot of a lounge in

Buffalo. Contrary to the contention of defendant, Supreme Court properly denied his motion to suppress the gun. As the arresting officer arrived at the parking lot to investigate a fight, he heard two shots fired. While the crowd in the parking lot scattered for cover, defendant walked briskly away from the arresting officer with his head down, trying to avoid eye contact with the officer. The right hand of defendant was behind his body near his right hip and his other hand was at his left side. After a short pursuit and struggle, the arresting officer apprehended defendant and handcuffed him. Two frisk searches of defendant at that point did not reveal the gun. After defendant falsely stated that he had been shot, however, the arresting officer searched defendant again, reached into his right rear pocket, found the gun and seized it. Probable cause exists to justify an arrest when it reasonably "appear[s] to be at least more probable than not that a crime has taken place and that the one arrested is its perpetrator" (*People v Carrasquillo*, 54 NY2d 248, 254). Here, "the totality of the circumstances of the encounter as it progressed" established probable cause for the arrest of defendant (*People v Troche*, 185 AD2d 368, 369, *lv denied* 80 NY2d 977; *see People v Kelland*, 171 AD2d 885, 886, *lv denied* 77 NY2d 997), and thus the search of his pocket was proper as incident to that lawful arrest (*see People v Cummings*, 291 AD2d 454, 455, *lv denied* 98 NY2d 636; *People v Welch*, 289 AD2d 936, *lv denied* 98 NY2d 641; *People v Gonzalez*, 250 AD2d 545, 546, *lv denied* 92 NY2d 897). Present— Pine, J.P., Wisner, Kehoe, Burns and Gorski, JJ.