Garry, J.
Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered September 26, 2011, upon a verdict convicting defendant of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree.
In August 2010, police officer Leigh Wenske, who knew that defendant had a suspended or revoked driver’s license, saw him driving a car in the Village of Saranac Lake, Franklin County. After stopping defendant’s vehicle, the officer noticed and told defendant that he had an odor of alcohol on his person. Defendant made several incriminating statements and refused to submit to field sobriety tests. He was arrested and transported to the police station, where he agreed to submit to three field sobriety tests, two of which he passed, and to a breathalyzer test, which indicated that his blood alcohol count (hereinafter BAG) was .10. Defendant was indicted for aggravated unlicensed operation of a motor vehicle (hereinafter AUO) in the first degree and two counts of driving while intoxicated (hereinafter DWI). Following a jury trial, he was acquitted of one of the DWI charges and convicted of the remaining charges. County Court denied defendant’s motion to set aside the verdict, and sentenced him to concurrent prison terms of 2 to 6 years for the DWI conviction and U/s to 4 years for the AUO conviction, followed by three years of conditional discharge. Defendant appeals.
Defendant contends that County Court erred in denying his motion to suppress the statements he made during the traffic stop. At the suppression hearing, Wenske testified that he had learned during a previous encounter with defendant that his license was suspended or revoked, and advised defendant that he had stopped him for this reason. Defendant acknowledged his driving status and provided nondriver identification. Wenske then told defendant that he noticed an odor of alcohol on his person, and inquired how much he had had to drink that day. According to Wenske and police officer Jason Swain, who had *1039 been summoned to the scene as backup, defendant stated, among other things, that he had consumed two alcoholic beverages, “had been drinking pretty hard” the night before, knew that he was over the limit and expected to go to prison as a result. Defendant also told the officers to “place handcuffs on him and take him in.”
The record supports County Court’s conclusion that Miranda warnings were not required before defendant made these statements, as he was not then “subject to custodial interrogation” (People v Baggett, 57 AD3d 1093, 1094 [2008]). “[individuals who are temporarily detained pursuant to a routine traffic stop Eire not considered to be in custody for the purposes of Miranda” (People v Dougal, 266 AD2d 574, 576 [1999], lv denied 94 NY2d 879 [2000]; see Pennsylvania v Bruder, 488 US 9, 11 [1988]; People v Hasenflue, 252 AD2d 829, 830 [1998], lv denied 92 NY2d 982 [1998]). Wenske’s statement that he smelled alcohol and inquiry regarding alcohol consumption would not have caused a reasonable person innocent of any wrongdoing to believe that he or she was in custody (see generally People v Yukl, 25 NY2d 585, 589 [1969], cert denied 400 US 851 [1970]; People v Nehma, 101 AD3d 1170, 1173 [2012]).
Defendant next contends that the People failed to turn over Brady material. In response to defendant’s pretrial discovery demand for police video recordings, the People acknowledged the existence of a single video taken “during the defendant’s arrest” and agreed to provide it. The People contend that this video—which is not part of the record—was provided as agreed and is, in any event, not exculpatory. However, the People also now acknowledge the existence of another police video, taken by a dashboard camera in the second officer’s vehicle; this video was not turned over to defendant, allegedly because it was not discovered until after this appeal was filed. This second video, which the People claim is not exculpatory, has now been delivered to defendant’s appellate counsel and to this Court; however, as it is not part of the record, we cannot address its substance on this appeal. Defendant’s claims in this respect would more appropriately be raised in a motion pursuant to CPL article 440 (see CPL 440.10; People v Bianca, 91 AD3d 1127, 1130 [2012], lv denied 19 NY3d 862 [2012]). As to the police list of drivers with suspended or revoked licenses, defendant failed to preserve any issue by demanding the list before trial, objecting when the list was referenced in testimony, or otherwise. In any event, as the list is not in the record, defendant’s *1040 claim that it should have been disclosed cannot be addressed upon this appeal (see People v Bianca, 91 AD3d at 1130).*
We reject defendant’s claim that County Court should have admitted into evidence the results of an alco-sensor preliminary breath test that allegedly measured his BAG at only .06. Although the alco-sensor test may be used to establish probable cause for an arrest, it is not admissible to establish intoxication, as its reliability for this purpose is not generally accepted in the scientific community (see People v Thomas, 121 AD2d 73, 76-77 [1986], affd 70 NY2d 823 [1987]; see also Boyd v City of Montgomery, 472 So 2d 694, 697 [Ct Crim App Ala 1985]; State v Smith, 218 Neb 201, 206, 352 NW2d 620, 624 [1984]). We are not persuaded that a test that is not deemed sufficiently reliable to measure and thus establish a level of intoxication should be admissible to establish the lack of such level of intoxication. Defendant failed to preserve his related claim that the alco-sensor results should have been admitted for the limited purpose of showing that the breathalyzer machine—which obtained a higher BAG reading—may not have been functioning correctly. In any event, in the absence of any showing that the test is scientifically accepted as reliable for this purpose, no modification in the interest of justice is warranted (see generally People v Hughes, 59 NY2d 523, 537 [1983]).
County Court did not commit reversible error by denying defendant’s request to charge the jury with AUO in the second degree as a lesser included offense of the charge of AUO in the first degree. Defendant stipulated outside the jury’s presence that he knew at the time of the incident that his license had been revoked pursuant to Vehicle and Traffic Law § 511 (2) (a) (ii) as a result of prior DWI convictions, for the purpose of allowing the People to charge AUO in the first degree without prejudicing defendant by revealing to the jury the reason for the revocation of his license (see Vehicle and Traffic Law § 511 [3] [a] [i]; see generally People v Boyles, 210 AD2d 732, 732-734 [1994]). In accord with this agreement, the jury was told that defendant had stipulated that he did not have a driver’s license, but was not told the reason. Defendant’s counsel asked the court to charge AUO in the second degree “so long as the lesser included charge did not note to the jury the reason for the *1041 suspension” of defendant’s license. However, the jury could not have decided whether defendant committed AUO in the second degree without knowing the circumstances under which his license was revoked (see Vehicle and Traffic Law § 511 [2] [a]). Therefore, as defendant’s stipulation prevented the jury from obtaining this information, he was not entitled to the requested instruction.
Finally, we reject defendant’s contention that an insufficient foundation was laid for the admission of the breathalyzer test results. During direct examination of Swain, who administered the test, the People established “evidence from which the trier of fact could reasonably conclude that the test results were derived from a properly functioning machine using properly constituted chemicals” (People v Freeland, 68 NY2d 699, 701 [1986]). The leading questions to which defendant now objects were asked during cross-examination and upon redirect questioning, after the foundation had been laid. Further, County Court properly prevented defendant from cross-examining Swain regarding the effect of time on BAG results, as he did not testify as an expert on such matters (compare People v Mertz, 68 NY2d 136, 140-141 [1986]); Swain was fully cross-examined as to his qualifications and the procedures he followed (see People v Robinson, 53 AD3d 63, 70 [2008], lv denied 11 NY3d 857 [2008]). Similarly, the court properly precluded defense counsel from cross-examining Wenske about “chemical testing” as he had testified on direct examination that he conducted field sobriety testing but did not administer the breathalyzer test.
Defendant’s remaining contentions have been examined and found to be without merit.
Peters, P.J., Stein and Egan Jr., JJ, concur. Ordered that the judgment is affirmed

 Defendant argues briefly on appeal that his trial counsel was ineffective in failing to preserve issues for appeal, without specifying issues. To the extent that this argument may reference counsel’s alleged failure to object to the nondisclosure of the list, it relies on evidence outside the record—specifically, the list itself—and thus would also best be addressed in a motion pursuant to CPL article 440 (see People v McCray, 96 AD3d 1160, 1161 [2012], lv denied 19 NY3d 1104 [2012]).