■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN S. RILEY, Appellant. [999 NYS2d 447]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered January 11, 2013, convicting him of criminal possession of a weapon in the second degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lewis, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence, made on the ground that the police officers did not have reasonable suspicion to stop and detain him. The evidence at the suppression hearing established that the police had reasonable suspicion to stop and detain the defendant based upon the defendant's appearance, which matched the description given by a 911 caller of two armed men observed apparently trying to break into a car, and the police officers' observations of the defendant and another man crouching by a car at the address given by the 911 caller (*see People v Martinez*, 80 NY2d 444, 446-447 [1992]; *People v Hicks*, 68 NY2d 234, 238 [1986]; *People v Wellington*, 84 AD3d 984, 986 [2011]). Furthermore, the police action in detaining the defendant was reasonable under the circumstances (*see People v Hicks*, 68 NY2d at 243; *People v Mabeus*, 68 AD3d 1557, 1561-1562 [2009]; *People v Medina*, 37 AD3d 240, 242 [2007]; *People v Harris*, 186 AD2d 148 [1992]). Moreover, contrary to the defendant's contention, the length of his detention was not unreasonably long under the circumstances. Any delay was caused by, among other things, the defendant's evasive answers, which gave the police reason for prolonging the stop and making further inquiries (*see People v Hicks*, 68 NY2d at 241; *People v Harris*, 186 AD2d at 148), as well as the unavoidable circumstance of a computer breakdown in the police vehicle, which temporarily thwarted the arresting officer's diligent efforts to ascertain relevant information (*see People v Harris*, 186 AD2d at 148).

The defendant's contention that the evidence was legally insufficient to support his conviction of the four counts of criminal possession of a weapon in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to es-

tablish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Since the defendant's conviction was supported by legally sufficient evidence, the defendant's ineffective assistance of counsel claim, which is based solely upon his counsel's failure to preserve his contention that the evidence was legally insufficient, is without merit (*see People v High*, 119 AD3d 959, 960 [2014]; *People v Acevedo*, 44 AD3d 168, 173 [2007]; *see also People v Caban*, 5 NY3d 143, 152, 155-156 [2005]). Chambers, J.P., Miller, Duffy and LaSalle, JJ., concur.