People v Stuart (2021 NY Slip Op 50081(U))

[*1]

People v Stuart (Jorge)

2021 NY Slip Op 50081(U) [70 Misc 3d 138(A)]

Decided on February 5, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 5, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-2211 RI CR

The People of the State of New York,
Respondent,
against
Jorge Stuart, Appellant. 

Appellate Advocates (Emily T. Lurie of counsel), for appellant.
Richmond County District Attorney (Alexander Fumelli of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County
(Raymond Rodriguez, J.), rendered December 12, 2017. The judgment convicted defendant,
upon a jury verdict, of driving while intoxicated (common law), and imposed sentence. The
appeal brings up for review the denial (Raja Rajeswari, J.), after a hearing, of the branch of
defendant's omnibus motion seeking to suppress statements that he had made to law enforcement
officials.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged with common-law driving while intoxicated (Vehicle and Traffic
Law § 1192 [3]), driving while ability impaired (Vehicle and Traffic Law § 1192 [1]),
and driving without a license (Vehicle and Traffic Law § 509 [1]). He moved to, among
other things, suppress statements he made to law enforcement authorities. After a hearing, the
Criminal Court denied the branch of defendant's omnibus motion seeking to suppress his
statements. Following a jury trial, defendant was convicted of driving while intoxicated
(common law).
There was no error in the Criminal Court's denial of the branch of defendant's motion
seeking to suppress certain statements he made at the scene to the arresting officer, as defendant
was not in custody when he was asked if he had been drinking. Since individuals who are
temporarily detained pursuant to a routine traffic stop are not considered to be in custody for the
purposes of Miranda v Arizona (384 US 436, 479 [1966]), defendant's roadside detention
cannot be deemed custodial (see People
v Brown, 107 AD3d 1305, 1306 [2013]; People v Dougal, 266 AD2d 574
[1999]; People v Mathis, 136 AD2d 746, 747 [1988]).
Defense counsel provided defendant with meaningful representation in accordance with the
New York State standard (see NY Const, art I, § 6; People v Caban, 5 NY3d 143,
155-156 [2005]; People v Benevento, 91 NY2d 708, 713-714 [1988]) and the effective
assistance of [*2]counsel under the federal standard (see
US Const 6th Amend; Strickland v Washington, 466 US 668 [1984]).
Defendant's remaining contentions are without merit.
Accordingly, the judgment of conviction is affirmed.
WESTON, J.P., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 5, 2021