People v Chamberlain (2021 NY Slip Op 50569(U))

[*1]

People v Chamberlain (Karen)

2021 NY Slip Op 50569(U) [72 Misc 3d 126(A)]

Decided on June 17, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 17, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2018-2607 S CR

The People of the State of New York,
Respondent,
against
Karen E. Chamberlain, Appellant. 

Kevin J. Keating, for appellant.
Suffolk County District Attorney (Elizabeth Miller of counsel), for respondent.

Appeal from judgments of the District Court of Suffolk County, First District (James A.
McDonaugh, J.), rendered December 13, 2018. The judgments convicted defendant, upon jury
verdicts, of common-law driving while intoxicated and driving on the wrong side of the road,
respectively, and imposed sentences.

ORDERED that the judgments of conviction are affirmed.
Following a jury trial, defendant was convicted of common-law driving while intoxicated
(Vehicle and Traffic Law § 1192 [3]) and driving on the wrong side of the road (Vehicle
and Traffic Law § 1127 [a]). The sole contention defendant raises on appeal is that, under
New York law, she was denied the effective assistance of counsel.
Defendant's trial attorney's failure to move to suppress evidence of defendant's refusal to take
a chemical breath test did not amount to ineffective assistance since "[t]here can be no denial of
effective assistance of trial counsel arising from counsel's failure to make a motion . . . that has
little or no chance of success" (People v Carver, 27 NY3d 418, 421 [2016] [internal
quotation marks and citation omitted]; see People v Caban, 5 NY3d 143, 152 [2005];
People v Stultz, 2 NY3d 277, 287 [2004]). Evidence of defendant's ultimate refusal to
take a chemical breath test after being afforded two opportunities to talk to her attorney before
deciding whether to take the test was admissible to show consciousness of guilt (see People v
MacDonald, 89 [*2]NY2d 908, 910 [1996]; People v
Thomas, 46 NY2d 100, 106 [1978]; People v Sirico, 135 AD3d 19, 23 [2016]), and the District Court
provided the jury with a limiting instruction on this point (see People v MacDonald,89
NY2d at 910). 
With respect to the evidence presented of defendant's two attempts to take a portable breath
test (PBT) at the scene, for which there were no results because defendant provided insufficient
breath samples, it is well settled that, while evidence of a PBT is not admissible as proof of
intoxication (see People v Palencia,
130 AD3d 1072 [2015]; People
v Krut, 133 AD3d 781, 784 [2015]; People v Kulk, 103 AD3d 1038, 1040 [2013]), evidence of a
defendant's failure to properly take a PBT can be admitted to show consciousness of guilt (see
People v MacDonald, 89 NY2d at 910), "particularly in light of [a] trial court's limiting
instructions to the jury on this point" (id.). Here, however, the District Court provided the
jury with a limiting instruction as to consciousness of guilt in regard only to defendant's repeated
refusal to take a postarrest chemical breath test, not the two PBTs. Nevertheless, defendant's trial
attorney's error in failing to object to the admission of the evidence of the PBTs, without more,
"was not so serious as to compromise defendant's right to a fair trial and did not constitute
ineffective assistance" (People v
Stover, 178 AD3d 1138, 1147 [2019] [internal quotation marks omitted]; see People v Every, 146 AD3d
1157, 1165-1166 [2017], affd 29 NY3d 1103 [2017]).
Upon a review of the record as a whole, we find that defendant was not denied the effective
assistance of counsel since her trial counsel provided her with meaningful representation (see
People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147
[1981]).
Accordingly, the judgments of conviction are affirmed.
GARGUILO, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 17, 2021