People v McNeil (2022 NY Slip Op 50296(U))

[*1]

People v McNeil (Michael)

2022 NY Slip Op 50296(U) [74 Misc 3d 136(A)]

Decided on April 1, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 1, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, CHEREE A. BUGGS,
JJ

2019-1096 RI CR

The People of the State of New York,
Respondent,
against
Michael McNeil, Appellant. 

Appellate Advocates (Olivia Gee of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and George D. Adames of counsel), for
respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County
(Raja Rajeswari, J.), rendered June 11, 2019. The judgment convicted defendant, after a nonjury
trial, of driving while ability impaired, and imposed sentence. The appeal brings up for review an
order of that court (David Frey, J.) dated January 4, 2019 denying, after a hearing, defendant's
motion to suppress evidence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged with, and, following a nonjury trial, convicted of, driving while
ability impaired (Vehicle and Traffic Law § 1192 [1]). On appeal, defendant contends that
the accusatory instrument was facially insufficient; that his statement that he had consumed one
beer before driving should have been suppressed; that the evidence at trial was legally
insufficient; and that the verdict was against the weight of the evidence.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a
criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see also People v Dumay, 23 NY3d
518, 522 [2014]; People v
Dreyden, 15 NY3d 100, 103 [2010]). Here, since defendant did not waive the right to be
prosecuted by information, the accusatory instrument must be evaluated under the standards that
govern the sufficiency of an information (see People v Hatton, 26 NY3d 364, 368 [2015]; People v Kalin, 12 NY3d 225, 228
[2009]; see also CPL 100.15; 100.40 [1]). While the law does not require that the
accusatory instrument contain the most precise words or phrases most clearly expressing the
charge, the offense and factual basis therefor must be [*2]sufficiently alleged (see Konieczny, 2 NY3d at 575). "So
long as the factual allegations of an information give an accused notice sufficient to prepare a
defense and are adequately detailed to prevent a defendant from being tried twice for the same
offense, they should be given a fair and not overly restrictive or technical reading" (People v
Casey, 95 NY2d 354, 360 [2000]; see Konieczny, 2 NY3d at 575). 
Vehicle and Traffic Law § 1192 (1) provides that "[n]o person shall operate a motor
vehicle while the person's ability to operate such motor vehicle is impaired by the consumption
of alcohol." A person's ability to operate a motor vehicle is impaired by the consumption of
alcohol when that person's consumption of alcohol has actually impaired, to any extent, the
physical and mental abilities which such person is expected to possess in order to operate a
vehicle as a reasonable and prudent driver (see People v Litto, 8 NY3d 692, 706 [2007]; People v Cruz,
48 NY2d 419, 427 [1979]; People v
Scott, 60 Misc 3d 128[A], 2018 NY Slip Op 50939[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2018]). To determine whether a defendant's ability to operate a motor
vehicle was impaired, it is permissible for the factfinder to consider all of the surrounding facts
and circumstances, including, for example: the defendant's physical condition and appearance,
balance and coordination, and manner of speech; the presence or absence of an odor of alcohol;
the manner in which the defendant operated the motor vehicle; and the results of any test of the
content of alcohol in the defendant's blood so long as the test was administered on a generally
accepted instrument for determining blood alcohol content (BAC) (see CJI2d[NY]
Vehicle and Traffic Law § 1192 [1], at 2-3). 
Here, the superseding instrument alleged that the arresting officer observed defendant
operate a motor vehicle on a public roadway at 38 miles per hour, which was in excess of the 25
miles per hour speed limit for that road. It further alleged that the officer observed "defendant to
be intoxicated in that defendant had [a] strong odor of alcohol, flushed face, bloodshot and
watery eyes, and slurred speech and was unsteady on his feet." Finally, the accusatory instrument
alleged that the officer "was present for the administration of a test pursuant to provisions of"
Vehicle and Traffic Law § 1194 "to determine [] defendant's blood alcohol content and that
such test indicated that [] defendant had a blood alcohol content of .066 per centum of alcohol in
his blood." These alleged facts were facially sufficient as they supported a reasonable inference
that defendant had driven a vehicle while lacking, to some extent, the physical and mental ability
to do so as a reasonable and prudent driver due to alcohol consumption (see People v Bryan, 63 Misc 3d
156[A], 2019 NY Slip Op 50821[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]; People v Aguilar, 57 Misc 3d
128[A], 2017 NY Slip Op 51161[U] [App Term, 1st Dept 2017]). Contrary to defendant's
contention, there is no requirement that the information contain an allegation of unsafe or erratic
driving (see People v Fiumara, 116
AD3d 421 [2014]; People v
Williams, 55 Misc 3d 134[A], 2017 NY Slip Op 50478[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2017]). Furthermore, pursuant to Vehicle and Traffic Law §
1195 (2) (b), evidence that there was more than .05 of one per centum but less than .07 of one per
centum by weight of alcohol in a driver's blood is relevant in determining whether the ability of
such person to operate a motor vehicle was impaired by the consumption of alcohol. Thus,
defendant's BAC could be considered some evidence of impairment, as a conviction of driving
while ability [*3]impaired requires only a showing that the
defendant's ability to operate a vehicle was impaired to some extent (see People v Hoag,
51 NY2d 632 [1981]; Cruz, 48 NY2d at 427; People v McNamara, 269 AD2d
544 [2000]).
The determination of the hearing court, pertaining to suppression, must be accorded great
weight on appeal because of the hearing court's ability to observe and assess the credibility of the
witnesses (see People v Prochilo, 41 NY2d 759, 761 [1977]; People v Coleman,
306 AD2d 941 [2003]; People v Pincus, 184 AD2d 666 [1992]; Williams, 2017
NY Slip Op 50478[U]). Thus, resolution of issues of credibility, as well as the weight to be
accorded to the evidence presented, are primarily questions to be determined by the hearing court
and its findings should not be disturbed unless clearly erroneous or unsupported by the record
(see Prochilo, 41 NY2d at 761; People v Cleveland, 257 AD2d 689 [1999];
People v Gagliardi, 232 AD2d 879 [1996]; Williams, 2017 NY Slip Op
50478[U]). 
Within the meaning of Miranda v Arizona (384 US 436 [1966]), a temporary
roadside detention pursuant to a routine traffic stop is not custodial (see Berkemer v
McCarty, 468 US 420 [1984]; People v Brown, 107 AD3d 1305 [2013]; People v Kulk, 103 AD3d 1038
[2013]). The facts here reveal a reasonable initial interrogation attendant to a roadside detention
that was merely investigatory and appropriate for the situation (see People v Harris, 186
AD2d 148 [1992]; People v Mathis, 136 AD2d 746 [1988]), as the officer's inquiries did
not take place in a coercive environment and would not have caused a reasonable person
innocent of any wrongdoing to believe that he or she was in custody (see Brown, 107
AD3d at 1306; Kulk, 103 AD3d at 1039). Thus, giving deference to the Criminal Court's
credibility determinations, the court's conclusion that defendant's statements, some of which were
elicited by the officer's roadside questions as part of his investigation, and some of which were
spontaneously and voluntarily made, did not first require a Miranda warning, as they were
not the product of custodial interrogation (see People v Miller, 21 AD3d 1146 [2005]), is supported by the
record. Consequently, the Criminal Court properly denied suppression of defendant's statement to
the officer that he had consumed one beer before driving.
Defendant's challenge to the legal sufficiency of the evidence is preserved for appellate
review since, when moving for a trial order of dismissal, he raised, with specificity, the same
contentions now being argued on appeal (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484,
492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). Viewing the evidence in the light
most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find
that there is a valid line of reasoning and permissible inferences from which a rational trier of
fact could have determined that defendant's guilt of driving while ability impaired was proven
beyond a reasonable doubt (see Bryan, 2019 NY Slip Op 50821[U]; Scott, 2018
NY Slip Op 50939[U]).
Finally, upon a review of the record, we find no basis to disturb the Criminal Court's
credibility determinations and, as a result, we are satisfied that the verdict of guilt was not against
the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]; Scott, 2018 NY
Slip Op 50939[U]).
Accordingly, the judgment of conviction is affirmed. 
ALIOTTA, P.J., WESTON and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 1, 2022