People v Soto (2025 NY Slip Op 50037(U))

[*1]

People v Soto

2025 NY Slip Op 50037(U)

Decided on January 13, 2025

County Court, Wyoming County

Cianfrini, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 13, 2025
County Court, Wyoming County

The People of the State of New York

against
Steven Soto, Defendant.

SCI No. 9197

Vincent A. Hemming, Esq.
Acting Wyoming County District Attorney
Michael D'Amico, Esq.
Attorney for Defendant

Melissa Lightcap Cianfrini, J.

The following constitutes the opinion, decision and order of this Court. An indictment has been filed charging the Defendant, Steven Soto, (hereinafter, "the Defendant") with the following: one count each of Aggravated Driving while Intoxicated (CIV) in violation of VTL § 1192(2-a)(b), Driving While Ability Impaired by Drugs in violation of VTL § 1192(4), Criminal Possession of a Weapon in the Fourth Degree in violation of PL § 265.01(a), Endangering the Welfare of a Child in violation of PL § 260.10(1), Criminal Possession of a Controlled Substance in the Seventh Degree in violation of PL § 220.03, Consumption of Alcoholic Beverages in Certain Motor Vehicles in violation of VTL § 1227(1), License Plate Not Affixed in violation of VTL § 402(1)(A), License Plate Not Proper in violation of VTL § 402(3) and two counts of Window Tint in violation of VTL § 375(12)(a)2) and (12-a)(a). 
It is alleged that on March 30, 2024 in the Town of Orangeville, Wyoming County, NY, the Defendant operated a white Ford pick-up truck with excessive window tint while towing an unregistered trailer and while impaired by the use of drugs in violation of Vehicle and Traffic Law ("VTL") §§ 375(12-a)(a) and (12)(a)(2), 1192(4). The Defendant was further charged with criminal possession of a weapon in the 4th degree in violation of Penal Law ("PL") 265.01(1) due to his alleged knowing possession of brass knuckles with a knife attached thereto after a search of his motor vehicle. 
The Defendant, claiming to be aggrieved by the unlawful or improper acquisition of evidence, has moved to suppress his statements to police on the basis that those statements were involuntarily made within the meaning of CPL § 60.45 and physical evidence in the form of the weapon and a drug that were retrieved by Wyoming County Sheriff's Office ("WCSO") Deputy Justin Bliss (hereinafter, "the Deputy" or "Dep. Bliss") from a pre-arrest search of the [*2]Defendant's vehicle. 
A combined Huntley/Mapp/Ingle hearing was held on December 3, 2024 before this Court.[FN1]
The People called two witnesses: Dep. Bliss and Deputy Vaughn Collingridge (hereinafter, "Dep. Collingridge" or "DRE Deputy"). The defense did not call any witnesses. A CD of the deputies' body worn camera recordings were admitted by stipulation of the parties as People's ("P's) Ex. 1. The Court has reviewed the pertinent recordings contained on P's Ex. 1. 
 Findings of Fact
The Court gives full credence to the testimony of the People's witnesses: Wyoming County Sheriff's Deps. Bliss and Collingridge. The Court makes the following findings of fact pursuant to CPL §§ 710.60(4) and (6):
On March 31, 2024, Dep. Bliss was stationary in his patrol vehicle on Route 20A in the Town of Orangeville, NY. He observed an older model white Ford pick-up truck towing another vehicle. He noticed that the subject vehicle had excessively tinted windows and did not have a front NYS license plate as required by the Vehicle and Traffic Law. 
The Deputy initiated a traffic stop by activating his emergency lights. By the time the Deputy was able to enter the roadway there were approximately ten vehicles between his patrol vehicle and the subject vehicle. The subject vehicle pulled to the side of the road approximately 2-3 miles after the Deputy initiated the stop. During this time, the Deputy did not observe any other traffic violations once the other vehicles yielded to the Deputy's emergency vehicle. 
The Deputy exited his patrol vehicle and approached the subject vehicle at the passenger's front window, which was already rolled down. The Deputy could smell burnt cannabis as he approached. The Deputy testified in detail regarding his ability and past experiences with burnt and unburnt cannabis. The Deputy also noticed that the Defendant's trailer was unregistered. He requested that the operator of the motor vehicle provide his license and registration, which the driver did. He asked the driver where he was coming from and what was his destination. The driver indicated that he was coming from Buffalo and headed to Maryland. The Defendant was identified by his NY issued driver's license and was identified in court during the hearing. 
At the hearing the Deputy testified that he was trained at a police academy on the administration of standard field tests. He also passed the ARIDE program, which is a precursor to becoming a Drug Recognition Expert (hereinafter, "DRE"). He is also a certified DRE. While speaking with the Defendant, the Deputy noticed that the Defendant's eyes were extremely red and droopy and that his speech was lethargic. The Deputy requested that the Defendant exit his truck. The Defendant complied and was directed to the rear of his truck. 
While the Deputy was checking the status of the Defendant's driver's license inside his patrol vehicle, the Defendant was standing unrestrained beside the patrol vehicle's window. The Deputy asked if the Defendant had smoked cannabis. The Defendant confirmed that he had about an hour prior to operating his vehicle. The Deputy testified that he re-observed the same physical observations of the Defendant's eyes and speech outside of the vehicle. 
The Deputy searched the Defendant's vehicle starting with the front passenger seat. On [*3]the floorboards by the front passenger seat, the Deputy found a "rolling tray" for making joints. He saw burnt cannabis in the ashtray of the vehicle's front dash. He next searched the rear passenger compartment and found nothing. During his search of the front passenger seat area, he observed a closed "slingback" bag under the ashtray. He opened the bag and found two prescription bottles — one with the Defendant's name on it and the other without any name on it. Both prescription bottles contained pills that the Deputy identified roadside as tramadol by using Drugs.com and matching the colors of and the numbers/markings stamped on the pills. Below the vehicle's radio was an open storage area that contained brass knuckles with an attached knife. The Deputy testified that he did not have to open the compartment to see the weapon. The Deputy did not question the Defendant as to the contents of the car during the search. 
After searching the vehicle, the Deputy requested that the Defendant perform standardized field sobriety tests roadside. The Defendant complied and was subsequently placed under arrest for DWAI by drugs. 
The Deputy testified that he read Miranda warnings from a printed card. The Court reviewed the administration of those warnings contained on P's Ex. #1. The Defendant answered that he understood his Miranda rights. See P's. Ex. 1 at timestamp 47:00-47:53. The Defendant was next transported to the WCSO for further examination by a DRE and processing. 
The People next called Dep. Collingridge to testify. Dep. Collingridge has been employed by the WCSO for six years and was certified as a DRE in March of 2023. The DRE Deputy also identified Mr. Soto in the courtroom. 
The DRE Deputy testified that he did not personally Mirandize the Defendant, but he confirmed with Dep. Bliss that those warnings had been given. During his examination of the Defendant, the DRE Deputy questioned him regarding the use of cannabis and tramadol that day. The Defendant was not in handcuffs during his interview with the DRE Deputy, but was clearly under arrest. 
The testimony elicited during the hearing established that the Defendant did not request an attorney or ask that questioning stop at any time. The Defendant was never threatened, coerced or promised anything during his interactions with the Deputies. The Deputies did not unholster their firearms during their encounter with the Defendant. 

 Conclusions of Law
Probable Cause to Perform a Vehicle Stop (Ingle Hearing)
The People have the initial burden of going forward with facts that establish, prima facie, that each police action was lawful. (See, e.g., People v. Harris, 192 AD3d 151, 157-58 [2d Dep't 2020]). Implicit in the People's burden of production is that their testimony and evidence offered must be credible. (Id.). "Credibility is a many faceted concept ... requiring a careful assessment of a number of subtle factors before testimony can be labeled as believable or unbelievable." (People v. Wise, 46 NY2d 321, 325 [1978]). If the People meet their burden of production, the burden then shifts to the defense to show, by a preponderance of the evidence, that the police act was unlawful. (See, e.g., Harris, 192 AD3d at 157-58). 
Automobile stops are lawful only when based on probable cause that a driver has committed a traffic violation; when based on a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime; or, when conducted pursuant to nonarbitrary, non-discriminatory, uniform highway traffic procedures (People v. Hinshaw, 35 NY3d 427, 430 [2020] [internal quotation marks and citations omitted]; (see also People v Russ, 219 AD2d 865; People v DeBour, 40 NY2d 210, 223). Probable cause [*4]exists when it reasonably appears, under a totality of the circumstances, to be at least more probable than not that a crime has occurred and the defendant is the perpetrator (People v. Bland, 302 AD2d 926). 
Based upon the Deputy's observation of excessively tinted windows on the Defendant's vehicle in violation of VTL § 375(12)(a)2) and (12-a)(a) and the lack of a front license plate, he had probable cause to stop the vehicle. Driving with excessively tinted windows and without a front license plate are traffic infractions. Here, the People established that the Defendant committed those infractions. The defense posits no additional circumstances that would otherwise render this stop illegal. 
As such, the Defendant's motion to suppress the stop of his vehicle is hereby DENIED. 
Suppression of Statements (Huntley Hearing)
A confession or admission is admissible at trial in this State only if its voluntariness is established by a People beyond a reasonable doubt. When a defendant is subject to custodial interrogation, the prosecutor must prove beyond a reasonable doubt that the defendant was advised of his Miranda rights and that he knowingly and voluntarily waived those rights. People v. Williams, 62 NY2d 285 (1984). 
The Court finds that the prosecution has produced credible, trustworthy evidence and has sustained its burden beyond a reasonable doubt that the statements and admissions made by the defendant were voluntary within the meaning of CPL § 60.45. The safeguards required by Miranda are not triggered unless a suspect is subject to custodial interrogation, and the standard for assessing a suspect's custodial status is whether a reasonable person, innocent of any wrongdoing, would have believed he or she was not "free to leave." Arizona v Miranda, 384 US 436; People v Paulman, 5 NY3d 122; People v Yukl, 25 NY2d 585. 
It is well-settled that "a temporary roadside detention pursuant to a routine traffic stop is not custodial within the meaning of Miranda." People v. Brown, 107 AD3d 1305, 968 N.Y.S.2d 224 quoting People v. Mathis, 136 AD2d 746, 523 N.Y.S.2d 915; see also Berkemer v. McCarty, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317; People v. Alls, 83 NY2d 94, 608 N.Y.S.2d 139, 629 N.E.2d 1018). The Court finds that while roadside a reasonable person innocent of any wrongdoing would have believed that he or she was free to leave. Thus, the Defendant was not in custody for the purposes of the administration of Miranda warnings and thus was not subject to a custodial interrogation. Once the Defendant was arrested, he was, at that point, in custody. The Deputy administered Miranda warnings to the Defendant and the Defendant responded that he understood his rights. Statements made were spontaneous, in response to non-custodial informational questioning or made after his acknowledgement of his constitutional rights. 
Accordingly, the Defendant's motion to suppress his statements to law enforcement is hereby DENIED. 
Suppression of Physical Evidence (Mapp Hearing)
In this case, the People assert that the seizure of the brass knuckles and pills from the Defendant's vehicle were pursuant to the automobile exception.
The Defendant has the initial burden to prove a legitimate expectation of privacy in the place or item searched to establish standing. The defense has met that burden as the testimony established that the Defendant owned the motor vehicle. 
The People have the burden of going forward to show the legality of the police conduct. [*5]However, the defense bears the ultimate burden of proving by a preponderance of the evidence that the physical evidence should be suppressed, because the police conduct is illegal. 
The Court finds that law enforcement had probable cause to seize the brass knuckles and pills from the Defendant for the following reasons;
First, the officer had probable cause to search the Defendant's vehicle after the officer smelled burnt marijuana. Penal Law § 222.05(3) and (4) is directly on point:
The odor of burn cannabis shall not provide probable cause to search any area of a vehicle that is not readily accessible to the driver and reasonably likely to contain evidence relevant to the driver's condition.
Second, the officer searched the passenger compartment of the vehicle only. The officer did not search the trunk [FN2]
. While the officer was searching Defendant's vehicle, the officer seized brass knuckles which were in the center dashboard. While continuing his search, he opened a sling bag which contained pills.
Finally, the Court of Appeals held in People v. Gokey, 60 NY2d 309 that a warrantless search is permissible when a bag within the immediate control or "grabbable area" of a suspect may be searched when there is reasonable belief that the suspect may gain possession of a weapon or be able to destroy evidence located in the bag. See also People v. Dunbar 183,ad3d 1263.
As a result, the Defendant's motion to suppress is DENIED.
This Decision constitutes the Order of this Court.
DATED: January 13, 2025 
Warsaw, New York
HON. MELISSA LIGHTCAP CIANFRINI
Acting Wyoming County Court Judge

Footnotes

Footnote 1:Although defense counsel requested additional time to file a written submission with respect to suppression issues, which was granted by the Court, he failed to timely file such submission and the Court will issue its Decision and Order without it.

Footnote 2:This case is unlike People v. Javier 75 Misc 3d 650. In Javier, law enforcement smelled burnt marijuana emanating from the car and removed the occupants to search the entire car for drugs. The Police also recovered a gun from a closed compartment in the trunk. The Court in Javier held that there was no probable cause to believe there was contraband in the trunk of the car.